## 33651. CARNES v. THE STATE.

PER CURIAM.

This is an interlocutory appeal in which Carnes challenges his prosecution as a habitual traffic violator as defined in Code § 68B-308.

Carnes and the prosecutor stipulated as follows: On August 29, 1977, Carnes (who had previously been adjudicated a habitual violator in 1976) was charged with failure to have proof of insurance, failure to control his vehicle, and driving with a suspended license; he pled guilty; out of this conduct arose the subsequent indictment as a habitual traffic violator.

1. Carnes' constitutional attacks on the habitual violator statute must fall for the reasons stated in *Weaver v. State,* 242 Ga. 8 (1978), in which this court considered and rejected these same arguments.

2. Carnes additionally argues that the trial court erred in overruling his plea of former jeopardy, which was based upon the fact that the habitual violator charge was known to the prosecuting officer to have arisen out of the same conduct as the other offenses to which he had previously pled guilty and lay within the jurisdiction of a single court, thus requiring the state under Code § 26-506 (b) to press these matters in a single prosecution, with the result that the habitual offender charge may not be belatedly brought. Carnes is correct. *State v. Gilder,* 145 Ga. App. 731 (245 SE2d 3) (1978) affd., 242 Ga. 285 (1978).

The trial court erred in overruling Carnes' plea of former jeopardy.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 19, 1978 — DECIDED SEPTEMBER 28, 1978.

*Kinney, Kemp, Pickell, Avrett & Sponcler, Allen F. Wallace,* for appellant.

*Charles A. Pannell, Jr., District Attorney, Stephen A. Williams, Assistant District Attorney,* for appellee.

*Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney. General,* amicus curiae.