### 34916. THE STATE v. BURROUGHS.

NICHOLS, Justice.

The decision of this court in *State v. Burroughs,* 244 Ga. 288 (260 SE2d 5) (1979), has been vacated and the case has been remanded to this court for further consideration in light of Illinois v. Vitale, 447 U. S. —- (100 SC —-, 65 LE2d 228) (1980).

Vitale struck two small children with his automobile. He first was convicted for failing to reduce speed to avoid an accident and thereafter was charged with two counts of involuntary manslaughter.

The Supreme Court of the United States held, insofar as is critical to a disposition of this case, that "if in the pending manslaughter prosecution Illinois relies on and proves a failure to slow to avoid an accident as the reckless act necessary to prove manslaughter, Vitale would have a substantial claim of double jeopardy under the Fifth and Fourteenth Amendments of the United States Constitution." 65 LE2d 228. The dissenters felt that in those circumstances Vitale's double jeopardy claim "would not merely be 'substantial'; it would be dispositive." Id.

In the present case, Burroughs was convicted twice; once for disorderly conduct, the greater offense, in municipal court; later for simple battery, the lesser-included offense, in state court. The convictions were based on proof of the same facts: that on one occasion he struck and kicked a policeman. The Vitale case precludes this result. As the court held in Vitale, the double jeopardy clause is operative under In re Nielsen, 131 U. S. 176 (1889), so that "a person who has been convicted of a crime having several elements included in it may not subsequently be tried for a lesser-included offense—an offense consisting solely of one or more of the elements of the crime for which he has already been convicted." 65 LE2d 228. The Court in Vitale further held that under Brown v. Ohio, 432 U. S. 161 (97 SC 2221, 53 LE2d 187) (1977), "the reverse is also true; a conviction on a lesser-included offense bars subsequent trial on the greater offense." 65 LE2d 228.

This court adopts Justice Hill's views as stated in his dissent in *State v. Burroughs,* 244 Ga. 288, 291, supra. Accordingly, Burroughs' conviction for simple battery should be reversed. The judgment of the Court of Appeals reversing his second conviction is affirmed. Burroughs may not be retried for simple battery based upon the striking and kicking incident for which he was convicted of disorderly conduct.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 12, 1979 — DECIDED SEPTEMBER 17, 1980.

*Hinson McAuliffe, Solicitor, Charles R. Hadaway, Assistant Solicitor,* for appellant.

*Steve W. Reighard,* for appellee.

*Lewis R. Slaton, District Attorney, Charles R. Hadaway, Assistant District Attorney,* amicus curiae.