## 66770. FULLER v. THE STATE.

POPE, Judge.

Charles Neal Fuller brings this appeal from his conviction of driving under the influence of alcohol. *Held:*

1. The evidence, viewed in a light most favorable to the verdict, showed that appellant came to the attention of an employee of the Beehive Beer and Wine Store near Riverdale in Clayton County when he was observed walking around the store's parking lot for several minutes for no apparent reason. He eventually walked up to a dumpster and urinated on the dumpster. He then walked into the liquor store and was observed stumbling around. An employee of the store smelled alcoholic beverage on his breath and directed the other employees of the store not to sell appellant any alcoholic beverages. Appellant left the store and entered the passenger side of a truck parked in the liquor store's parking lot. After a few minutes, appellant was observed sliding over to the driver's side of the truck. He backed out and pulled onto the highway without looking and into the path of an oncoming car; the car had to swerve to the side of the highway in order to avoid a collision. Appellant's vehicle also swerved to avoid a collision. A short while later appellant's truck was found abandoned a short distance from the liquor store in the median ditch of the highway at the end of a line of skid marks. Appellant was located in the Riverdale city jail, still intoxicated, having been arrested for public drunkenness. Appellant admitted being at the liquor store and testified that he had been drinking heavily on the day in question. He denied being the driver of the truck.

The foregoing evidence, although in some conflict, was more than sufficient for any rational trier of fact to have found appellant guilty of driving under the influence of alcohol in violation of OCGA § 40-6-391(a)(1) (Code Ann. § 68A-902) beyond a reasonable doubt. See *Stewart v. State,* 165 Ga. App. 62 (1) (299 SE2d 134) (1983); see also *Garrett v. State,* 146 Ga. App. 610 (1) (247 SE2d 136) (1978).

2. Appellant's second enumeration cites as error the trial court's alleged restriction of his right to a thorough and sifting cross-examination. However, the record here discloses not an improper limitation on appellant's right of cross-examination but rather the proper exercise of the trial court's discretion in preventing the needless repetition of questions as to a matter which had already been fully developed on cross-examination. Therefore, this enumeration of error has no merit. See *Hunter v. State,* 143 Ga. App. 541 (4) (239 SE2d 212) (1977); *Goober v. Nix,* 128 Ga. App. 578 (2) (197 SE2d 486) (1973).

3. Appellant next enumerates as error the trial court's denial of

his plea in bar. Appellant based this plea upon his contention that his conviction for public drunkenness in the City Court of Riverdale was founded upon the same conduct as the subject D. U. I. charge brought in the State Court of Clayton County. Thus, appellant argued, he could not, pursuant to OCGA § 16-1-7 (a) (Code Ann. § 26-506), be convicted of both offenses and the D. U. I. charge should be dismissed. However, OCGA § 16-1-7 (a) (Code Ann. § 26-506) does not preclude successive state and municipal prosecutions, only successive prosecutions for state crimes. See *State v. Burroughs,* 244 Ga. 288 (1) (260 SE2d 5) (1979), vacated on other grounds, Burroughs v. Georgia, 448 U. S. 903 (100 SC 3044, 65 LE2d 1134) (1980). Since the City Court of Riverdale has no jurisdiction to try persons accused of violating state law (see *State v. Millwood,* 242 Ga. 244 (248 SE2d 643) (1978)), we will presume, in the absence of anything to the contrary in the record, that appellant was convicted in city court only of violating a municipal ordinance. Cf. *Goldstein v. City of Atlanta,* 141 Ga. App. 701 (234 SE2d 344) (1977). See generally OCGA § 24-4-24 (b)(2) (Code Ann. § 38-114).

Furthermore, since there is nothing in the record here which shows that both convictions were based upon proof of the same facts, appellant has no viable claim of double jeopardy under the United States Constitution. Cf. *State v. Burroughs,* 246 Ga. 393 (271 SE2d 629) (1980). The fact that both crimes "arose from the same intoxication" has no bearing on this issue. There is no merit to this enumeration of error for any reason assigned.

4. The record indicates that appellant was charged with D. U. I. and an arrest warrant issued while he was incarcerated on the charge of public drunkenness. Appellant posted an appearance bond for the D. U. I. charge on the next day. Under these circumstances, the accusation by which appellant was brought to trial need not have been supported by an affidavit. See OCGA § 17-7-71 (a) (Code Ann. § 27-705).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 6, 1984.

*Lee Sexton,* for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney, William E. Frey, Solicitor,* for appellee.