74698. BAILEY v. THE STATE.
(363 SE2d 172)

SOGNIER, Judge.

This case is before us for the second time and presents us with a procedural nightmare. Appellant was tried in Henry County Probate Court for driving under the influence of alcohol, speeding, and driving while his license was suspended or revoked. The record reflects that appellant was found guilty in probate court on August 14, 1985, and filed a de novo appeal to the Superior Court of Henry County on August 22, 1985. His de novo appeal was placed on the superior court's criminal calendar for trial on November 4, 1985; however, his case was removed from the trial calendar for that date and placed on the criminal calendar (not listed as a de novo appeal) for trial on February 3, 1986. Between the time of filing of the de novo appeal and appellant's trial on February 3, 1986, he was indicted by the grand jury of Henry County for the offenses of habitual violator by driving after receiving notice that his driver's license had been revoked, driving under the influence of alcohol, and speeding. Except for the habitual violator charge, these are the same offenses which were the subject of appellant's de novo appeal. He was found guilty of these offenses in his trial on February 3, 1986, and appealed to this court, enumerating four errors. First, that the superior court erred by overruling his motion to dismiss the charges on the ground of double jeopardy; second, that the superior court erred by denying his motion to dismiss on the ground that he was not brought to trial during the first term of superior court after he filed his de novo appeal; third, that the superior court erred by overruling his motion to dismiss on the ground that the court lacked subject matter jurisdiction over the felony charge of habitual violator; and fourth, that the superior court erred by imposing a felony sentence (to confinement) that was longer than the sentence to confinement imposed by the probate court.

We could not determine from the record before us on his first appeal whether appellant had been tried by the Probate Court of Henry County, and if so, whether or not appellant filed a de novo appeal with the Superior Court of Henry County. Therefore, we remanded the case to the superior court with direction to provide us with information necessary to resolve the issues raised by appellant. *Bailey v. State*, 180 Ga. App. 602 (349 SE2d 822) (1986). The superior court complied with our direction and this appeal ensued, raising the same issues enumerated as error in the original appeal of this case.

1. In regard to appellant's claim of former jeopardy at his trial in superior court, we are unable to determine with certainty whether appellant's trial in superior court was a new trial based on the indictment obtained by the prosecuting attorney after appellant filed his de novo appeal, or whether it was a trial based on appellant's de novo appeal from his conviction in probate court. If the former, appellant's conviction of the offenses on appeal here will be controlled by our discussion of double jeopardy in Division 2 of this opinion. If the latter, the trial was not held within the time required by OCGA § 5-3-30, and appellant's motion to dismiss his appeal on that ground should have been granted. That statute provides: "All appeals to the superior court shall be tried by a jury at the first term after the appeal has been entered unless good cause is shown for continuance." We have held that the language of this statute is obligatory, and failure to try such appeals at the first term, unless excusable, will result in dismissal of the appeal. *Huber v. State*, 140 Ga. App. 148, 149 (230 SE2d 105) (1976). Appellant here filed his de novo appeal on August 22, 1985, during the July term of the Henry County Superior Court, OCGA § 15-6-3 (18) (B), and it was placed on the criminal calendar for trial on November 4, 1985, during the October term of court. Id. For reasons not explained by the record before us, appellant's case was removed from the trial calendar for the October term and was placed on the criminal calendar for the January term of court, with trial scheduled for February 3, 1986. Since appellant's de novo appeal was not tried during the first term of court and no good cause was shown for continuance as required by OCGA § 5-3-30, supra, the trial court erred by denying appellant's motion to dismiss his de novo appeal of the offenses of driving under the influence of alcohol, speeding and driving with a suspended license. The practical effect of our holding, if the trial on February 3, 1986, was based on appellant's de novo appeal, is to reinstate the conviction and sentences imposed by the probate court for the offenses of driving under the influence of alcohol, speeding and driving with a revoked driver's license. The dissent holds that appellant has been deprived of his de novo appeal. In this regard, we are sustaining *appellant's* motion to dismiss his de novo appeal. Thus, he has voluntarily relinquished his right to a de novo

appeal in *this* appeal. Hence, the probate court's convictions and sentences are final, and thereby, stand.

2. Turning now to the offense of habitual violator, which was definitely tried pursuant to the indictment, appellant's conviction of that offense must be reversed because appellant's trial for the offense of habitual violator was barred by the double jeopardy provision of the Georgia Constitution, 1983, Art. I, Sec. I, Par. XVIII. The conduct forming the basis of the habitual violator charge was operating a motor vehicle on July 6, 1985, after having received notice that his (appellant's) driver's license had been revoked, without having obtained a valid driver's license after said revocation. This is the identical conduct forming the basis of appellant's conviction in probate court of the offense of driving with a revoked or suspended driver's license on July 6, 1985. In *State v. Burroughs*, 246 Ga. 393, 394 (271 SE2d 629) (1980), the court held that a person convicted of a greater offense cannot thereafter be convicted in a separate trial for the lesser included offense if both convictions are based on proof of the same facts, and that the reverse is also true, i.e., a conviction of a lesser included offense bars subsequent trial on the greater offense. Since appellant was tried on the lesser misdemeanor offense of driving with a revoked or suspended driver's license (OCGA § 40-5-121) (which conviction has been reinstated by our holding in Division 1), his trial on the felony offense of habitual violator (OCGA § 40-5-58 (c)), based on the same conduct, was barred. Id.; *Carnes v. State*, 242 Ga. 286 (2) (248 SE2d 660) (1978). Although the State argues that appellant's motion to dismiss because of double jeopardy was not timely, failure to file a written plea of former jeopardy prior to trial will not defeat an accused's right to be free of multiple convictions for the same criminal act. *McClure v. State*, 179 Ga. App. 245, 246 (1) (345 SE2d 922) (1986). Although there is an exception to this rule when dealing with the procedural bar to double jeopardy, that exception is not applicable when dealing with the substantive bar to double jeopardy, as is the case here. Id. If the State contends that appellant was tried on the indictment for *all* offenses and this was not a de novo appeal, the same rule would be applicable to the offenses of driving under the influence of alcohol and speeding, as appellant was convicted of those offenses in probate court.

For the reasons set forth above, appellant's conviction of the offense of habitual violator must be reversed and set aside, and his convictions in superior court of speeding and driving under the influence of alcohol are reversed.

*Judgment reversed, and the probate court's convictions and sentences for driving under the influence of alcohol, speeding and driving with a revoked driver's license are reinstated. Birdsong, C. J., Deen, P. J., and Pope, J., concur. McMurray, P. J., concurs in*

*Division 2 and in judgment only as to Division 1. Banke, P. J., Carley, Benham, and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I agree that the judgment should be reversed, but the convictions of the probate court cannot be reinstated.

First it must be recognized that there were two cases. One is the case on traffic citations which proceeded in the probate court and was appealed for a de novo trial on those traffic citations in the superior court. Defendant's bringing it to the superior court, left that case in the same posture it was in at the probate level: the state was the moving party, accusing defendant of traffic violations, and the defendant was the responding party, not an "appellant" in the sense of seeking a *review* of what transpired in the lower court. A new trial was, according to law, to be afforded to defendant in the superior court, with a jury if he wanted one. OCGA §§ 5-3-29; 5-3-30. As stated in *Williams v. Calloway*, 171 Ga. App. 286, 288 (2) (319 SE2d 500) (1984), "[a]n appeal to the superior court from the probate court is a de novo investigation. OCGA § 5-3-29 . . . 'a new trial in which only the matter presented to the court below can be relitigated.' *Mathews v. Mathews*, 136 Ga. App. 833, 837 (222 SE2d 609) (1975)."

The de novo appeal, CR-85-0013, had been on the November trial calendar but was not tried. Instead, apparently, the state simply sought to substitute an indictment, CR-85-0103, for the traffic citations upon which defendant had already been tried in probate court, and to substitute a trial on the indictment for the de novo trial sought by defendant in superior court on the traffic citations. That precisely is at the heart of what defendant is complaining about, in this appeal. Thus, when the opinion refers to "his case" and "the case," it should be recognized that there are two cases. As to the indicted case, CR-85-0103, which the record clearly shows is what was tried in February, I agree that double jeopardy bars the indictment and trial on it.

In the course of that trial, defendant moved to dismiss the traffic citation charges then pending in CR-85-0013 because he had not been timely tried on them in superior court under OCGA § 5-3-30. Defendant was entitled to a de novo trial on those charges and promptly filed for it. OCGA § 5-3-29. As he points out, the trial should have transpired "at the first term after the appeal [was] entered unless good cause is shown for continuance." OCGA § 5-3-30.

It is the clerk's duty to place *civil* cases on the calendar, *Etheridge v. Etheridge*, 242 Ga. 101 (249 SE2d 569) (1978). Even if it is the clerk's duty also in criminal cases such as Bailey's, the clerk did so. But as the majority concludes, no good cause was shown for the case not being tried during that term. It was the state's obligation to pro-

ceed to prosecute, in the public interest and in order to comply with OCGA § 5-3-30.[1] Certainly defendant had no control over the state's failure to do so. Consequently, the charges based on the traffic citations were required by law to be dismissed as defendant urged. His right to a superior court trial was a right to a timely trial, and it was the charges and not a trial on them which he sought by motion to dismiss.

To reinstate the probate court convictions and sentences would not only sweep aside the time requirement of OCGA § 5-3-30, it would also deprive defendant of the process provided by the statutory scheme which protects the right to trial by jury while allowing most traffic cases to be disposed of in the jury-less probate or magistrate court.

I am authorized to state that Presiding Judge Banke and Judge Benham join in this dissent.

DECIDED NOVEMBER 18, 1987.

*Roger A. Hunsicker, James W. Bradley*, for appellant.
*E. Byron Smith, District Attorney*, for appellee.

---

[1] In this case, defendant himself apparently had a particular interest in a speedy trial, as counsel advises dehors the record that he was incarcerated since arrest and began serving the probate court sentence as soon as it was imposed.