## A92A1552. HENDERSON v. THE STATE.
(426 SE2d 264)

BEASLEY, Judge.

In his sole enumeration of error, Henderson claims that the court erred in denying his plea of former jeopardy in that it is unconstitutional to try him for the crimes of criminal damage to property and simple battery after he has been convicted of violating a county ordinance prohibiting disorderly conduct. He was arrested and charged with disorderly conduct, which is a violation of a county ordinance, pled guilty to this charge, and paid a fine.

A police officer's incident report details the events: "On March 16, 1991 at aprox. 0016 hrs., I was dispatched to a domestic disturbance at 2250 Williams Lane. Neighbors reported hearing a distur-

bance, and then hearing breaking glass. Upon my arrival, I spoke to Mr. Henderson and Ms. Akins, who stated that they had been drinking at Zarahnoffi's, and while they were there, someone broke the windshield of their vehicle. Subject's stated that they are certain that Ms. Delong was the person who had damaged the vehicle. Ms. Delong is offender Henderson's ex-girlfriend.

"This reportedly started an argument between Mr. Tony Henderson and Ms. Akins and on arrival back at the residence Ms. Akins slammed the door of the house in an attempt to prevent Mr. Henderson from entering. Mr. Henderson attempted to prevent the door from shutting and accidentally struck the window in the door, breaking the window and severely cutting his hand. Both offender Henderson and Akins were VERY strongly warned about Disorderly Conduct, and were told that any other disturbance at the residence would result in both of them being arrested. No arrest was made at this time, so that Mr. Henderson could seek medical treatment for his injuries.

"At aprox. 0251 hours, I received another call that the neighbors again had reported a disturbance and the sound of glass breaking. Upon my arrival, I found Mr. Henderson and Ms. Akins standing in the driveway beside a vehicle which had a windshield and back window broken out. When I asked what was going on, Mr. Henderson stated: 'We got in a fight, and I broke out her windows.' When I asked Ms. Akins, she stated: 'She came over here, and I jumped her.' I placed both subjects under arrest at this time, and placed them in my patrol vehicle. . . ."

The owner of the vehicle and Ms. DeLong filed complaints against Henderson in the magistrate's court. The owner's complaint outlined the damage to his vehicle as a result of Henderson's actions; Ms. DeLong's complaint stated that Henderson struck her with a stick. Henderson was indicted in superior court for simple battery and criminal damage to property in the second degree. The indictment charged that Henderson intentionally damaged the automobile and struck Ms. DeLong across the face and body with a stick.

Henderson argues that since the charges were based on the same set of facts, the indictment pending against him is barred. Further, he argues that "[i]t was stipulated by the State and Appellant at the hearing on this matter that Appellant was previously convicted for committing the crime of disorderly conduct in the Magistrate Court of Forsyth County based upon the same facts upon which the subsequent indictment for criminal damage to property and simple battery rested."

We agree. The charges of simple battery and criminal damage to property in the second degree were based on the same facts which underlay defendant's plea of guilty and the resulting conviction of

disorderly conduct. Trial on the indictment would constitute double jeopardy under the Fifth and Fourteenth Amendments to the United States Constitution. *State v. Burroughs*, 246 Ga. 393 (271 SE2d 629) (1980), applying *Illinois v. Vitale*, 447 U. S. 410 (100 SC 2260, 65 LE2d 228) (1980), and *In re Nielsen*, 131 U. S. 176 (1889). As in *Burroughs*, "[Henderson] may not be retried for simple battery based upon the striking . . . [of Ms. DeLong] incident [and criminal damage to property based upon the striking of the vehicle incident] for which he was convicted of disorderly conduct." Id. at 394.

This case is decided solely on the federal constitutional ground. Defendant raised also the state constitutional provision and OCGA §§ 16-1-7; 16-1-8 in his plea of former jeopardy. However, he expressly abandoned the statutory grounds at the hearing. He cited only *Burroughs*, supra, as supporting authority, which case applies only the federal constitution and United States Supreme Court cases construing its Double Jeopardy Clause.

The trial court denied the plea, although it cited *Burroughs* and two subsequent Court of Appeals cases, the latter one of which quoted from the former: " '[S]ince there is nothing in the record here which shows that [any of the] convictions were based upon proof of the same facts, appellant has no viable claim of double jeopardy under the United States Constitution. Cf. *State v. Burroughs*, [supra] . . .' *Fuller v. State*, 169 Ga. App. 468, 469 (313 SE2d 745) (1984)." *Parker v. State*, 170 Ga. App. 333, 334 (317 SE2d 209) (1984). Thus the trial court ruled on the federal constitutional claim.

In this court, too, appellant relies on the United States' Double Jeopardy Clause, citing *Burroughs*. The other case he cites in support of his position is *Bailey v. State*, 184 Ga. App. 890, 892 (2) (363 SE2d 172) (1987). Although the double jeopardy issue in that case was purportedly decided on a state constitutional ground, it actually and expressly was based on *Burroughs*, supra, and *Carnes v. State*, 242 Ga. 286 (2) (248 SE2d 660) (1978), clearly not state constitutional cases. The two constitutional double jeopardy provisions do not mean the same thing. See *State v. Estevez*, 232 Ga. 316 (206 SE2d 475) (1974).

Thus, only the federal constitution is involved here. See *Lee v. State*, 177 Ga. App. 698 (340 SE2d 658) (1986).

The trial court erred because this case is like *Burroughs*, not *Fuller* and *Parker*. We do not have a transcript of the guilty plea proceeding before the magistrate, so we do not know precisely what factual basis he found for the conviction on the plea. Nor does the record show what section of the disorderly conduct ordinance was applied. As to the ordinance, it appears that only subsection (3) would suit. It characterizes disorderly conduct as "[engaging] in conduct or behavior likely to provoke or incite an immediate breach of the peace."

OCGA § 16-5-23 (a) provides that one "commits the offense of simple battery when he either (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another." OCGA § 16-7-23 (a) (1) provides that a person commits criminal damage to property in the second degree when he "[i]ntentionally damages [the] property of another person without his consent. . . ."

As to the factual basis for the State offenses, the district attorney stated below that the indictment was based on "the same parties and dealing with the same situation that was ongoing that night that . . . they were charged with and a disposition that was rendered by the Magistrate." According to the incident report, which is the State's version of the events, the disorderly conduct charge was based on the "disturbance" which, insofar as Henderson was concerned, was constituted of his breaking the car windows and striking his ex-girl friend. Henderson's breaking of the window in the door of Ms. Akins' residence occurred accidentally, according to the police, when Henderson tried to prevent the door from closing.

What former Chief Justice Hill wrote in his dissent in the first *Burroughs* appearance before the Georgia Supreme Court (*State v. Burroughs*, 244 Ga. 288, 292-293 (260 SE2d 5) (1979)), which was adopted in the second appearance and relied upon by appellant, applies here: "[T]he crime of simple battery [in that case] requires proof of no fact that disorderly conduct does not . . . [E]ven where each crime requires proof of a fact that the other does not, double jeopardy attaches on a successive prosecution where each crime admits (and the state relies upon) proof of the disparate required fact as proof of the other required fact; . . ."

Here, in order to prove the simple battery and the criminal damage to property, the State would have to prove the very facts it relied on for the ordinance conviction. "[T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove *conduct* that constitutes an offense for which the defendant has already been prosecuted." (Emphasis supplied.) *Grady v. Corbin*, 495 U. S. 508, 521 (110 SC 2084, 109 LE2d 548) (1990).

Appellant's plea was a valid exercise of the federal Double Jeopardy Clause.

*Judgment reversed. Sognier, C. J., Carley, P. J., Pope and Johnson, JJ., concur. McMurray, P. J., Birdsong, P. J., Cooper and Andrews, JJ., dissent.*

ANDREWS, Judge, dissenting.

I respectfully dissent since I do not agree with the majority that the instant prosecution violates Henderson's constitutional protection

against double jeopardy. The Forsyth County ordinance regarding disorderly conduct provides, in part, that it is unlawful for any person to engage in conduct which is likely to provoke or incite an immediate breach of the peace. OCGA § 16-5-23 (a), which outlines the offense of simple battery, provides that one "commits the offense of simple battery when he either (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another." OCGA § 16-7-23, which defines criminal damage to property in the second degree, provides that a person commits the offense when he intentionally or recklessly damages the property of another person.

"In *State v. Burroughs*, 246 Ga. 393, 394 (271 SE2d 629) (1980), the court held that a person convicted of a greater offense cannot thereafter be convicted in a separate trial for the lesser included offense if both convictions are based on proof of the same facts, and that the reverse is also true, i.e., a conviction of a lesser included offense bars subsequent trial on the greater offense." *Bailey v. State*, 184 Ga. App. 890, 892 (2) (363 SE2d 172) (1987). Unlike *Burroughs*, in the instant case, it was not necessary to the charges for criminal damage to property and simple battery that the State prove the entirety of the charge for disorderly conduct or vice versa. It is apparent from the definitions of the crimes that they are not the same as a matter of law.

Furthermore, the incidents were not the same as a matter of fact. The March 16 incident report shows that the charge for disorderly conduct was based on conduct other than that of damaging the vehicle by striking the vehicle with a stick and of striking Ms. DeLong. Prior to committing those crimes, Henderson was involved in a domestic disturbance with Ms. Akins, he had broken the window on the door to her residence and been warned by the police. Subsequent to this warning, according to the report, there was the sound of a disturbance and of glass breaking. The acts on which the disorderly conduct charge were based were those which involved disturbance of the peace, i.e., those acts which *preceded* the acts forming the basis for the simple battery and criminal damage to property charges. In other words, it was Henderson's failure to refrain from creating a disturbance, and not the damaging of property or the battery, which formed the basis for the disorderly conduct charge. By definition, the disorderly conduct charge involved those acts which were likely to incite an immediate breach of the peace, whereas the charges of criminal damage to property and simple battery were based on actions which occurred *after* Henderson breached the peace. Contrary to the majority's representations, the district attorney's description of the events of the evening are not inconsistent with this conclusion.

Because I find that the crimes here lack factual commonality and

were not the same as a matter of law, I think the trial court properly denied Henderson's plea.

I am authorized to state that Presiding Judge McMurray, Presiding Judge Birdsong and Judge Cooper join in this dissent.

DECIDED DECEMBER 4, 1992.

*J. Russell Jackson*, for appellant.

*Garry T. Moss, District Attorney, Charles D. Gafnea, Assistant District Attorney*, for appellee.