A94A0286. THE STATE v. WILLIAMS.
(448 SE2d 700)

POPE, Chief Judge.

The State appeals the trial court's grant of defendant Michael Harry Williams's plea in bar based on double jeopardy. See OCGA § 5-7-1 (3). The trial court held that defendant could not be prosecuted for improper passing and vehicular homicide because he already pled guilty to a charge of improper passing and paid a fine. We affirm.

Defendant was involved in a traffic collision occurring December 7, 1992. Trooper Stephens originally issued him a traffic citation charging him with improper passing, see OCGA § 40-6-44, and ordering him to appear in the probate court on January 13. The next day, Trooper Stephens took out warrants for improper passing and serious injury by vehicle, a felony. See OCGA § 40-6-394. When the injury

victim died approximately one week after the accident, Trooper Stephens lifted the warrant for serious injury by vehicle and took out a warrant for vehicular homicide in the second degree. See OCGA § 40-6-393 (b). However, Trooper Stephens failed to lift the citation issued at the scene for improper passing. Defendant appeared in the probate court on January 13, 1993, as the traffic citation commanded, pled guilty to the improper passing charge and paid a $48 fine. Four months later the grand jury indicted Williams for improper passing and vehicular homicide in the second degree.

The trial court's grant of defendant's plea in bar was correct under *Blockburger v. United States*, 284 U. S. 299 (52 SC 180, 76 LE 306) (1932). Under *Blockburger*, successively charged offenses are separate for purposes of double jeopardy only if proof of each offense requires proof of some element or fact which proof of the other does not. See id. at 304. In order to prove defendant guilty of vehicular homicide in the second degree (as charged in the indictment), the State must show that defendant violated OCGA § 40-6-44 by improperly passing another vehicle, and that his violation of that Code section caused the death of another person. See OCGA § 40-6-393 (b). Thus, proof of improper passing requires proof of no element or fact which is not also necessary to prove vehicular homicide, and the former is necessarily a lesser included offense of the latter. " '[A] conviction on a lesser-included offense bars subsequent trial on the greater offense.' [Cit.]" *State v. Burroughs*, 246 Ga. 393 (271 SE2d 629) (1980).

As the dissent notes, *Grady v. Corbin*, 495 U. S. 508 (110 SC 2084, 109 LE2d 548) (1990) was overruled in *United States v. Dixon*, 509 U. S. ___ (113 SC 2849, 125 LE2d 556) (1993). *Corbin* had expanded the double jeopardy bar to preclude prosecution and punishment for offenses based on the same conduct, even if they passed the *Blockburger* "same elements" test. Because the improper passing and vehicular homicide offenses here do not pass the *Blockburger* test, the overruling of *Corbin* does not affect the outcome of this case.

*Judgment affirmed. McMurray, P. J., Beasley, P. J., Johnson and Blackburn, JJ., concur. Birdsong, P. J., Andrews, Smith, JJ., and Senior Appellate Judge Harold R. Banke dissent.*

SMITH, Judge, dissenting.

I agree that this case cannot proceed in the superior court, but I do not agree that Williams has been formerly prosecuted.

The uncontroverted facts show that Williams was involved in a traffic collision occurring December 7, 1992. Williams was originally issued a traffic citation by Trooper R. D. Stephens charging him with improper passing, OCGA § 40-6-44, and ordering him to appear in the Newton County probate court on January 13. The hearing tran-

script indicates that the next day, Trooper Stephens took out warrants in the probate court for improper passing and serious injury by vehicle, a felony. OCGA § 40-6-394. The injury victim died approximately one week after the accident.

Paradoxically, as the result of the victim's death, Trooper Stephens "lifted" the felony warrant for serious injury by vehicle and took out a warrant for vehicular homicide in the second degree, a misdemeanor. OCGA § 40-6-393 (b).[1] The citation issued at the scene for improper passing, however, was not likewise "lifted." Williams appeared in the probate court on January 13, 1992, as the traffic citation commanded, pled guilty to the improper passing charge, and paid a $48 fine.

There is no indication in the record that Trooper Stephens or anyone else "prosecuted" Williams at the time he appeared and pled guilty to the improper passing charge. Four months later, the grand jury of Newton County indicted Williams for improper passing and vehicular homicide in the second degree.

The superior court correctly concluded that all charges against Williams (except the serious injury by vehicle charge "lifted" by Trooper Stephens) could be heard either in that court or in the probate court. OCGA § 40-13-21; *Hall v. State*, 200 Ga. App. 585, 588 (4) (409 SE2d 221) (1991). "Where courts have concurrent jurisdiction, the first court to take jurisdiction will retain it. Jurisdiction, once exercised, becomes exclusive rather than concurrent, subject to the right of either court to transfer to the other. It was the [probate] court that first assumed jurisdiction [by accepting Williams's guilty plea on the improper passing citation]. Accordingly, its jurisdiction was exclusive, unless and until the case was properly transferred to the superior court." (Citations and punctuation omitted.) *In the Interest of J. D.*, 195 Ga. App. 801 (1) (395 SE2d 280) (1990). Compare *Hall v. State*, supra (probate court does not exercise its concurrent jurisdiction unless and until proceedings are initially conducted in that court).

"[I]t is always the duty of a court to inquire into its jurisdiction, upon its own motion where there is doubt." *Williams v. State*, 217 Ga. 312, 313 (122 SE2d 229) (1961). The same facts upon which Williams relies for his double jeopardy defense indicate that the probate court first took jurisdiction of the case against him and that it never relinquished jurisdiction in any manner provided by law. Therefore, assuming that a vehicular homicide charge *remained pending* against Williams after he pled guilty to a charge of improper passing and paid his fine in the probate court, under these facts the probate court had

---

[1] A plain reading of the relevant Code sections reveals that either Trooper Stephens "overcharged" Williams before the victim succumbed to her injuries or "undercharged" him afterwards. OCGA §§ 40-6-393 and 40-6-394.

exclusive jurisdiction over the remaining charge. It follows that the superior court erred in reaching the merits of Williams's plea in bar when the facts before it indicated that the probate court had taken jurisdiction. The superior court's ruling on the merits of Williams's plea in bar under these facts is therefore a mere nullity, and it should be vacated. OCGA § 17-9-4.

The majority essentially reaches further and decides a case not now before us — namely, whether Williams's case is likewise barred on double jeopardy grounds in the probate court based on the successive prosecution holding of *Blockburger v. United States*, 284 U. S. 299 (52 SC 180, 76 LE 306) (1932). However, it is uncontroverted that the vehicular homicide prosecution against Williams *preceded* the date on which Williams appeared in the probate court and paid his fine. See *State v. Rustin*, 208 Ga. App. 431, 432-433 (2) (430 SE2d 765) (1993) (prosecution commences when an accusation or indictment is filed). Williams must have realized at the time he pled guilty to the lesser charge that this was not the *only* charge pending against him. He must have also realized that he could not have been convicted on that date had he pled not guilty since he was manifestly not being prosecuted by *anyone* at that time. He knew, or should have known, that his gratuitous guilty plea would not end the matter;[2] nevertheless, Williams chose to plead guilty.

I would have little difficulty in finding that Williams's plea was not knowingly and voluntarily entered if that question were now before us. However, "[t]he acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending . . . has . . . none of the governmental overreaching that double jeopardy is supposed to prevent. On the other hand, ending prosecution [on such a basis] would deny the State its right to *one full and fair opportunity* to convict those who have violated its laws." *Ohio v. Johnson*, 467 U. S. 493, 501-502 (104 SC 2536, 81 LE2d 425) (1984) (quoted in *Maryland v. Garner*, supra). The State has not received this opportunity. The State has done no more to this point than to give Williams an opportunity essentially to *convict himself* of a lesser included offense at a cost to him of $48. Under these circumstances, I must respectfully dissent.

I am authorized to state that Presiding Judge Birdsong, Judge Andrews, and Senior Appellate Judge Harold R. Banke join in this dissent.

---

[2] The alternative theory is that he knew *exactly* what he was doing and was essentially engaging in "opportunistic manipulation" to prevent prosecution of the vehicular homicide charge. See *Maryland v. Garner*, 601 A2d 142 (Md. App. 1992). In my opinion, this militates even more strongly against the majority's "successive prosecution" analysis.

DECIDED JULY 29, 1994 —
RECONSIDERATION DENIED SEPTEMBER 26, 1994 — 

*Alan A. Cook, District Attorney, Jefferson Blandford, Anne M. Templeton, Assistant District Attorneys,* for appellant.
*Joseph E. Williams,* for appellee.

