## A03A1376. BAKER v. THE STATE.
(588 SE2d 288)

ANDREWS, Presiding Judge.

Roger Baker appeals the trial court's order denying his claim of former jeopardy. We affirm for the reasons set forth below.

Baker was charged with disorderly conduct, reckless conduct, and three counts of aggravated assault in connection with events occurring on November 3, 2001, in and around a Waffle House restaurant in Columbus. After a hearing on November 6, 2001, before the Recorder's Court of Muscogee County, Baker was convicted of disorderly conduct. Baker was bound over to the superior court on the remaining charges.

---

On November 5, 2002, Baker filed a motion claiming that his disorderly conduct conviction barred his subsequent prosecution. The motion was heard on January 31, 2003. The trial court denied the motion and the case proceeded to trial on February 3, 2003, as scheduled. Baker was convicted on all charges on February 5, 2003, and he filed an appeal from the denial of his motion on February 6, 2003.

The record of the hearing before the recorder's court shows that Adley Shepard and Damon Trahan went to the Waffle House restaurant for a meal. The two men, who were both in the military, talked with Takara Mabry, who was a waitress at the restaurant. Rodney Adams came into the restaurant and became upset with Shepard and Trahan because they were talking with Mabry. Words were exchanged between the two soldiers and Adams. Adams left the restaurant and went to a vehicle outside where his friends Baker and Travis Brinson were waiting. Adams and Baker were walking back to the restaurant when they met Shepard and Trahan coming out the door. Blows were exchanged and the soldiers took Adams and Baker to the ground using choke holds. Brinson joined in by kicking Shepard behind the head. After the soldiers released Adams and Baker, Baker walked to the passenger's side of a car, "pop[ped]" the trunk, stepped back, and began firing a gun. Shepard was hit by one bullet in the knee and another grazed his chest. A waitress was hit in the eye by flying glass caused by another shot. Baker, Adams, and Brinson fled the scene and were picked up by police shortly thereafter.

1. Baker maintains the trial court erred in denying his motion claiming former jeopardy because his conviction of disorderly conduct in the recorder's court prohibited his subsequent prosecution on the charges of aggravated assault and reckless conduct. We disagree.

It is apparent from the recorder's court's limited jurisdiction that Baker's disorderly conduct conviction was for violating a Columbus ordinance. See Ga. L. 1969, p. 2678. The Code of Columbus, Georgia, Section 14-62.2 provides, in pertinent part, that:

(a) A person may be charged with, and convicted of, the offense of disorderly conduct when such person commits any of the following acts:
(1) Performs an unlawful act of violence or performs any other act in such a violent [or] tumultuous manner that the public peace and tranquility [are] disturbed;
(2) Verbally or physically harasses, menaces, or intimidates a person to the disturbance of the public peace; [or]
(3) Engages in a fight in public which is not a part of an authorized exhibition. . . .

In the case of successive municipal and State prosecutions, the

question of whether a second prosecution is barred by the first is controlled by the State and Federal constitutions. *State v. Burroughs*, 244 Ga. 288, 289 (260 SE2d 5) (1979), vacated on other grounds, *Burroughs v. Georgia*, 448 U. S. 903 (100 SC 3044, 65 LE2d 1134) (1980).

> The constitutional prohibition is against being twice placed in jeopardy for the "same offense." As the United States Supreme Court has stated, "The identity of offenses is, therefore, a recurring issue in double jeopardy cases. . . ." *United States v. Ewell*, 383 U. S. 116, 124 [(86 SC 773, 15 LE2d 627)] (1966). "The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger v. United States*, 284 U. S. 299, 304 [(52 SC 180, 76 LE 306)] (1932): 'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . .' " *Brown v. Ohio*, 432 U. S. 161, 166 [(97 SC 2221, 53 LE2d 187)] (1977).

*State v. Burroughs*, supra, 244 Ga. at 290 (3).

Baker argues that the "act of violence" referred to in Section (a) (1) of the ordinance includes the physical altercation in and around the restaurant as well as the firing of the firearm. The State contends that Baker was charged by police with disorderly conduct for fighting outside the restaurant as prohibited by Section (a) (3) of the ordinance. But in either case, the aggravated assault and reckless conduct charges required proof of a fact that the disorderly conduct charge did not, and vice versa. Based upon the incident as described in the recorder's court, the State must rely on Baker's use of the gun to show aggravated assault and reckless conduct, a fact which was not required to show disorderly conduct. See OCGA §§ 16-5-21 (a) (2); 16-5-60 (b). To prove disorderly conduct, the State was required to show a breach of the peace or fighting in public. This was established by the evidence of the physical confrontation and argument in and around the restaurant, facts which were not required to prove the State law offenses. Compare *Henderson v. State*, 206 Ga. App. 642 (426 SE2d 264) (1992) (facts required to prosecute Henderson for criminal damage to property and simple battery were the same as required to support his earlier conviction for disorderly conduct). Accordingly, the aggravated assault and reckless conduct charges were separate from the disorderly conduct charge and successive prosecutions were not barred under the *Blockburger* test.

Baker argues that double jeopardy is nevertheless shown by *In re Nielsen*, 131 U. S. 176 (9 SC 672, 33 LE 118) (1889). This case was discussed at length by Justice Hill in his dissent in *State v. Burroughs*, supra, 244 Ga. at 288. This dissent was later adopted by our Supreme Court in *State v. Burroughs*, 246 Ga. 393 (271 SE2d 629) (1980). Justice Hill wrote that

> *In re Nielsen*, supra (the *Blockburger* exception), bars reprosecution here. Insofar as pertinent, Nielsen was living in Utah while it was still a territory and where Congress was suppressing polygamy. He was convicted in district court of the crime of cohabiting with more than one woman. Later he was convicted of committing adultery with one of the women he had been cohabiting with, it being alleged in the indictment that he was married to another woman. The Supreme Court found double jeopardy. In order to prove the crime of cohabiting, it was necessary to prove "living together," yet it was not necessary to prove "living together" in order to prove adultery. And, in proving adultery, it was necessary to prove that marriage to another existed, although it was not necessary to prove marriage to prove cohabiting. Thus, each crime required proof of facts that the other did not (living together in the one crime, and marriage in the other crime).
>
> Even though the later *Blockburger* test was technically satisfied, double jeopardy nevertheless was found. This was so because, in those successive prosecutions, the court found sexual intercourse, living together and marriage to be elements of both crimes — adultery and cohabiting. That is to say, even where each crime requires proof of a fact that the other does not, double jeopardy attaches on a successive prosecution where each crime admits (and the state relies upon) proof of the disparate required fact as proof of the other required fact; i.e., the disparate facts of marriage to one person and sexual intercourse with another, albeit not required to prove unlawful cohabitation, were admissible as proof in the unlawful cohabitation case.

*State v. Burroughs*, supra, 244 Ga. at 293.

Baker claims that the physical and verbal altercation between the two soldiers and Baker, Adams, and Brinson, as well as the firing of the gun, were acts of violence that disturbed the peace, and so this evidence was "used up" in the conviction for disorderly conduct and was no longer available to convict Baker on the remaining charges. See *McClure v. State*, 179 Ga. App. 245, 246-247 (2) (345 SE2d 922) (1986) (evidence necessary to prove aggravated assault was the same

evidence required to show kidnapping in a previous trial). We reject this argument because it is clear in the hearing before the recorder's court that the State was not relying on Baker's firing of the gun at the two soldiers to establish disorderly conduct. The investigating officer testified that Baker was charged with disorderly conduct as a result of the fight in the parking lot. The court also stated that the disorderly conduct charge was for "[f]ighting in the parking lot." The use of the gun was not introduced to show or required to prove the disorderly conduct charge. This is not a case where, to use Justice Hill's words, "each crime admits (and the state relies upon) proof of the disparate required fact as proof of the other required fact." Or to respond more directly to Baker's argument, the evidence that Baker fired a gun was not "used up" in the disorderly conduct hearing.

Finally, Baker's reliance on *McCrary v. State*, 171 Ga. App. 585 (320 SE2d 567) (1984), is also misplaced. *McCrary* addresses the statutory prohibition against subsequent prosecutions for the same conduct, see OCGA § 16-1-7 (b), but this prohibition applies to successive prosecutions for State crimes, not successive State law and local law prosecutions. See *Fuller v. State*, 169 Ga. App. 468, 469 (3) (313 SE2d 745) (1984). And even if *McCrary* did apply, it would be distinguishable because the events here show two separate transactions — words were exchanged and there was a physical struggle, but the witness describes Baker as walking to his car, getting his gun, and firing it after that struggle was over. *McCrary*, on the other hand, barred successive prosecutions for events which all occurred while the defendant fled from police in his car. For the foregoing reasons, we conclude that the trial court did not err in denying Baker's motion asserting former jeopardy.

2. Baker claims the trial court erred in finding that his motion asserting double jeopardy was frivolous, dilatory, and made for the purpose of delay. This claim of error is moot.

The denial of a plea of former jeopardy may be directly appealed without resort to the procedures for interlocutory appeal. *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982). If the trial court finds a plea of former jeopardy to be frivolous and dilatory, then the filing of an appeal from the denial of the plea does not divest the trial court of jurisdiction of the case. *Rielli v. Oliver*, 170 Ga. App. 699, 700 (318 SE2d 173) (1984). But even if the trial court does not make such a finding, the trial court does not lose all jurisdiction of the case during an appeal of the denial of the plea, but only the jurisdiction to execute the sentence. *Strickland v. State*, 258 Ga. 764, 765-766 (1) (373 SE2d 736) (1988). And Baker did not appeal the denial of his motion claiming former jeopardy until after his trial and a finding of guilt. We conclude that even if the trial court erred in ruling that Baker's

motion was frivolous or dilatory, the error would have no effect on the disposition of his case and, therefore, this claim is moot.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED OCTOBER 1, 2003.

*Wilda E. Brown*, for appellant.

*J. Gray Conger, District Attorney, Susan L. Henderson, Assistant District Attorney*, for appellee.