A05A1787. HEWELL v. THE STATE.
(626 SE2d 237)

SMITH, Presiding Judge.

Following his plea of guilty to aggravated assault (two counts) and possession of a firearm by a convicted felon, Reginald Hewell appeals, asserting the trial court erred by (1) refusing to grant him an interlocutory appeal; and (2) denying his motion for acquittal based on the State's failure to comply with the speedy trial requirement of OCGA § 17-7-170 (b). For the reasons set forth below, we affirm.

---

The record shows that on June 28, 2003, in Muscogee County, Georgia, Hewell pointed a gun and fired on two people while he was on parole and under house arrest for drug charges. On July 30, 2003, he was arrested in Alabama for unrelated charges. A Muscogee County grand jury subsequently indicted Hewell, and he demanded a speedy trial while he was still incarcerated in Alabama.

On January 26, 2005, Hewell was transported to Georgia after serving an 18-month sentence for the charges in Alabama. He then moved for an acquittal on the grounds that the State failed to comply with his speedy trial demand. Based on the State's failure to provide him with discovery, Hewell also moved for a continuance to allow defense counsel to adequately prepare for trial in the event the trial court denied his motion to dismiss and denied him the right to an immediate direct appeal.

On March 28, 2005, the case appeared for trial and the trial court held a hearing on Hewell's motions. The trial court denied the motion for acquittal based on its conclusion that the speedy trial period did not begin to run while Hewell was incarcerated in Alabama. Based on the trial court's denial of his motion for acquittal, Hewell's counsel orally asserted that he had the right to take an immediate appeal. The trial court ordered him to proceed to trial. After a recess and before jury selection had begun, the defendant decided to plead guilty to the charges, and his counsel recognized "the law that if you enter a plea you can't appeal it." Later in the hearing, his counsel stated, "Whatever rights my client is entitled to post plea that are recognized under Georgia law we are not waiving that."

1. In his first enumeration of error, Hewell asserts that the trial court erred by refusing to grant him an interlocutory appeal from the denial of his motion for acquittal and forcing him to proceed to trial. We find no merit in Hewell's claim because he was not entitled to an interlocutory appeal, but had a right to a direct appeal instead. *Baker v. State*, 263 Ga. App. 462, 466 (2) (588 SE2d 288) (2003). We additionally find that Hewell failed to preserve any issue with regard to his right to a direct appeal by failing to file a notice of direct appeal before pleading guilty to the charges against him. See id. at 466-467 (2). Compare *Reed v. State*, 205 Ga. App. 209, 211 (3) (422 SE2d 15) (1992) (defendant filed notice of appeal several minutes after the trial court's denial of his plea in bar and before opening statements).

2. In his remaining enumeration of error, Hewell contends the trial court erred by denying his motion for acquittal. Since Hewell entered a guilty plea, he has waived his right to assert speedy trial issues on appeal. *Griffin v. State*, 278 Ga. 669 (604 SE2d 155) (2004). This rule of waiver applies even in cases in which the defendant

attempts to reserve his right to appeal a speedy trial issue before pleading guilty. *Davis v. State*, 251 Ga. App. 436, 437 (554 SE2d 583) (2001).

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED JANUARY 19, 2006.

*Frank K. Martin*, for appellant.

*J. Gray Conger, District Attorney, William D. Kelly, Jr., Assistant District Attorney*, for appellee.