A07A2353. WALLACE v. THE STATE.

(654 SE2d 442)

JOHNSON, Presiding Judge.

A Paulding County grand jury indicted Rico Lorenzo Wallace for two counts of rape, one count of aggravated child molestation, one count of incest, one count of enticing a minor for indecent purposes, one count of child molestation, and one count of aggravated assault. Wallace entered a negotiated guilty plea to aggravated child molestation and child molestation. Subsequently, he filed a motion and amended motion to withdraw his guilty plea, which the trial court denied. Wallace appeals, alleging the trial court erred in denying his motion to withdraw his guilty plea because of alleged errors which occurred when the trial court dismissed his pro se demands for a speedy trial. We find no error and affirm Wallace's convictions.

Wallace does not contest the voluntariness of his guilty plea. He simply asserts a number of alleged errors based on the denial of his pro se requests for a speedy trial. However, since Wallace entered a guilty plea, he has waived his right to assert speedy trial issues on appeal. "Once a defendant solemnly admits in open court that he is in fact guilty of the offense charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights

---

[7] *Coker v. State*, 261 Ga. App. 646, 646-647 (1) (583 SE2d 498) (2003).

that occurred prior to the entry of the guilty plea."[1] "Having voluntarily entered a plea of guilty, [Wallace] cannot raise as a defense his right to a speedy trial."[2]

Moreover, the record shows that at the time Wallace filed both his October 8, 2004 and his July 21, 2005 pro se requests for a speedy trial, Wallace was represented by counsel. Neither attorney filed a speedy trial request nor adopted Wallace's pro se requests. This Court has repeatedly held that a pro se demand for a speedy trial filed while a criminal defendant is represented by counsel "was of no legal effect whatsoever."[3] "The Sixth Amendment right does not afford the defendant the hybrid right to simultaneously represent himself and be represented by counsel."[4] Since Wallace filed no viable demand for a speedy trial, it necessarily follows that the trial court correctly denied his motion for discharge and acquittal based on OCGA § 17-7-170.

In addition, the record does not include any evidence showing that either of Wallace's pro se requests were served upon the judge to whom the case was assigned. OCGA § 17-7-170 (a) provides that "the demand for speedy trial shall be filed with the clerk of court and served upon the prosecutor and upon the judge to whom the case is assigned or, if the case is not assigned, upon the chief judge of the court in which the case is pending." A defendant's strict compliance with the demand statute is mandatory.[5] Since Wallace has failed to demonstrate strict compliance with the demand statute, his enumerations of error based on the speedy trial requests must fail.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED NOVEMBER 19, 2007.

*Roger L. Curry*, for appellant.
*Fred A. Lane, Jr.*, District Attorney, *Deborah Venuto*, Assistant District Attorney, for appellee.

---

[1] *Tutt v. State*, 267 Ga. 49, 50 (472 SE2d 306) (1996).

[2] *Griffin v. State*, 278 Ga. 669 (604 SE2d 155) (2004); *Hewell v. State*, 277 Ga. App. 265, 267 (2) (626 SE2d 237) (2006).

[3] See *Daniels v. State*, 235 Ga. App. 296, 298 (2) (509 SE2d 368) (1998); *Goodwin v. State*, 202 Ga. App. 655, 656 (415 SE2d 472) (1992).

[4] (Citations and punctuation omitted.) *Goodwin*, supra at 656.

[5] See *Maddox v. State*, 218 Ga. App. 320, 321-322 (1) (461 SE2d 286) (1995); *Johnson v. State*, 203 Ga. App. 896, 897 (3) (418 SE2d 155) (1992).