## A10A1294. GARRETT v. THE STATE.

(702 SE2d 470)

ADAMS, Judge.

Gary Stephen Garrett appeals the trial court's denial of his motion for plea in bar on the ground of double jeopardy in connection with a charge of serious injury by vehicle (OCGA § 40-6-394). "The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion." (Citation and punctuation omitted.) *Strickland v. State*, 300 Ga. App. 898 (686 SE2d 486) (2009). But "[w]here the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, we review de novo the trial court's application of the law to undisputed facts." (Citation omitted.) *Summers v. State*, 263 Ga. App. 338 (587 SE2d 768) (2003).

The underlying facts in this case are not in dispute. On August 10, 2008, Garrett drove under the influence of alcohol (OCGA § 40-6-391 (a) (5)), had an open container of alcohol (OCGA § 40-6-253) and failed to yield the right of way (OCGA § 40-6-71), resulting in an automobile collision. He pled guilty to these state violations in the Municipal Court of Hiram, Georgia on September 26, 2008, and he was sentenced to twenty-four months on probation, two days to serve in the Paulding County jail, and $1,046 in fines, surcharges and other costs.

Garrett stipulated in the trial court that police and prosecutors were unaware at the time of this plea that the collision had resulted in a serious injury to anyone. Later, when police were notified that Terry Powell had been seriously harmed in the wreck, the case was referred to the Paulding County district attorney. A grand jury subsequently indicted Garrett on the charge of serious injury by vehicle. The indictment alleged that Garrett caused bodily harm to Powell, by rendering his ankle useless, "through a violation of OCGA § 40-6-391, Driving Under the Influence of Alcohol."

Garrett filed a plea in bar to the indictment on the ground that he had already pled guilty and been sentenced on charges arising from the same set of facts. Contrary to the State's assertion on appeal, Garrett's plea in bar alleged double jeopardy violations under both the United States Constitution and Georgia statutory law, OCGA § 16-1-7. At the plea hearing, however, Garrett abandoned

his claims under state law and instead relied solely upon the substantive protections embodied in the Fifth and Fourteenth Amendments of the United States Constitution.[1] After hearing argument from the parties, the trial court denied the plea in bar, relying upon OCGA §§ 16-1-7 (b) and 16-1-8.

"The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall be subject for the same offence to be twice put in jeopardy of life or limb." (Punctuation omitted.) *Strickland*, 300 Ga. App. at 898. "Double jeopardy protects against three types of abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *Nolen v. State*, 218 Ga. App. 819, 820 (463 SE2d 504) (1995), citing *North Carolina v. Pearce*, 395 U. S. 711, 717 (89 SC 2072, 23 LE2d 656) (1969).

In determining whether successive prosecutions constitute double jeopardy under the United States Constitution,

> "[t]he established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger v. United States*, 284 U. S. 299, 304 ((52 SC 180, 76 LE 306)) (1932): '[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . .' " *Brown v. Ohio*, 432 U. S. 161, 166 ((97 SC 2221, 53 LE2d 187)) (1977).

*Baker v. State*, 263 Ga. App. 462, 464 (1) (588 SE2d 288) (2003).[2]

Thus, when "conviction of a greater crime . . . cannot be had without conviction of the lesser crime, . . . the Double Jeopardy

---

[1] We note that under federal law, the State bears the burden of showing by a preponderance of the evidence that the two prosecutions involve separate crimes, once the defendant has met his initial burden of proving that his claim of double jeopardy is not frivolous. *United States v. Benefield*, 874 F2d 1503, 1505 (11th Cir. 1989).

[2] This constitutional test is also codified under OCGA § 16-1-8 (b). See *McCannon v. State*, 252 Ga. 515, 519 (315 SE2d 413) (1984). Moreover, the Supreme Court of Georgia specifically adopted the "required evidence" test under *Blockburger* for determining when one crime is "included in" another under OCGA §§ 16-1-6 and 16-1-7 (a) (1). *Drinkard v. Walker*, 281 Ga. 211, 216 (636 SE2d 530) (2006). See also *Wells v. State*, 294 Ga. App. 277, 280 (1) (b) (668 SE2d 881) (2008). OCGA §§ 16-1-7 and 16-1-8 were potentially applicable in this case as all the charges against Garrett involved violations of state law. Compare *Baker*, 263 Ga. App. at 463-464 (1) (statutory double jeopardy provisions do not apply in cases involving successive prosecutions for violations of municipal and state law). But Garrett expressly abandoned his claim of statutory double jeopardy at the hearing.

Clause bars prosecution for the lesser crime after conviction of the greater one." *Harris v. Oklahoma*, 433 U. S. 682 (97 SC 2912, 53 LE2d 1054) (1977). And "[i]f all the elements of one of the two crimes are included in the other, the two crimes are the same as a matter of law and successive prosecutions are barred, no matter whether the greater or lesser offense is tried first." (Citation omitted.) *Potts v. State*, 261 Ga. 716, 718 (1) (a) (410 SE2d 89) (1991). See also *Gerisch v. Meadows*, 278 Ga. 641, 643 (2) (604 SE2d 462) (2004) (conviction on a lesser included offense bars subsequent trial on the greater offense); *State v. Williams*, 214 Ga. App. 701, 702 (448 SE2d 700) (1994) (same).

The United States Supreme Court has "recognized that the *Blockburger* test focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial." *Illinois v. Vitale*, 447 U. S. 410, 416 (100 SC 2260, 65 LE2d 228) (1980), abrogated on other grounds in *United States v. Dixon*, 509 U. S. 688, 700 (113 SC 2849, 125 LE2d 556) (1993). "Thus . . . if each *statute* requires proof of an additional fact which the other does not, the offenses are not the same under the *Blockburger* test." (Citations and punctuation omitted; emphasis in original.) Id. The proper analysis, therefore, "focuses on the proof necessary to establish the statutory elements of each offense, not the actual evidence presented at trial." (Citations omitted.) *United States v. Bobb*, 577 F3d 1366, 1372 (11th Cir. 2009).

In this case, proof that Garrett was guilty of DUI under OCGA § 40-6-391 is a required element for convicting him of serious injury by vehicle under OCGA § 40-6-394. And while proof of serious injury by vehicle also requires proof of an additional element, i.e., bodily harm, the DUI charge included no element that is not also contained in the crime of serious injury by vehicle. Accordingly, the *Blockburger* test is not met, and the subsequent indictment for serious injury by vehicle violates the federal Double Jeopardy Clause. See *Cox v. State*, 243 Ga. App. 668, 668-669 (533 SE2d 435) (2000) (applying *Blockburger* test to hold that DUI conviction merged with vehicular homicide while driving under the influence because all of the elements of the former had to be proved in order to convict defendant of the latter); *Williams*, 214 Ga. App. at 702 (conviction for improper passing bars subsequent prosecution on charge of vehicular homicide based on improper passing). See also *Dixon*, 509 U. S. at 700; *Harris*, 433 U. S. at 682; *Harris v. State*, 272 Ga. App. 366, 373 (6) (612 SE2d 557) (2005) (where DUI constituted a lesser included offense of vehicular homicide, the former merged with the latter); *Himmel v. State*, 246 Ga. App. 845, 851 (3) (542 SE2d 557) (2000) (conviction for reckless driving merged into the crime of first degree vehicular homicide by reckless driving). Thus, Garrett's plea

in bar "was a valid exercise of the federal Double Jeopardy Clause." *Henderson v. State*, 206 Ga. App. 642, 645 (426 SE2d 264) (1992) (reversing denial of plea in bar under federal double jeopardy).

We decide this case "solely on the federal constitutional ground. Defendant also raised the state constitutional provision and OCGA §§ 16-1-7[,] 16-1-8 in his plea of former jeopardy. However, he expressly abandoned the statutory grounds at the hearing." *Henderson*, 206 Ga. App. at 644. We note that by choosing this procedure, Garrett actually relied upon the minimum constitutional protections against double jeopardy and chose to forego the additional protections provided by Georgia statutory law. See *State v. Estevez*, 232 Ga. 316 (206 SE2d 475) (1974) (federal and Georgia constitutional criteria provide the minimum standards for double jeopardy questions), overruled on other grounds by *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006); *McCannon v. State*, 252 Ga. 515, 517 (315 SE2d 413) (1984) (Georgia statutes provide expanded protection against double jeopardy); *State v. Jackson*, 290 Ga. App. 250, 250-251 (659 SE2d 679) (2008) (same). Accordingly, the trial court erred in applying Georgia statutory law in this case.[3]

*Judgment reversed. Smith, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 13, 2010.

*Brandon A. Bullard, Ashley F. Campbell*, for appellant.
*Fred A. Lane, Jr., District Attorney, Thomas D. Lyles, Assistant District Attorney*, for appellee.

---

[3] Indeed, the Georgia appellate courts have held that OCGA § 16-1-7 (b) and portions of OCGA § 16-1-8 (b), upon which the trial court relied, were intended to go "beyond constitutional double jeopardy to afford protection from repeated prosecutions, . . . '. . . *when the defense of double jeopardy is not available* and yet the accused should not be worn down. . . .' " (Emphasis supplied.) *McCannon*, 252 Ga. at 519. See also *Cochran v. State*, 176 Ga. App. 58, 60 (335 SE2d 165) (1985).