23894. BROOME v. MATTHEWS, Superintendent.

ARGUED JANUARY 10, 1967—DECIDED FEBRUARY 9, 1967.

*Robert E. Andrews,* for appellant.

*Herbert B. Kimzey, Solicitor General, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Carter A. Setliff, Assistant Attorney General,* for appellee.

COOK, Justice. Kenneth Broome filed his petition for writ of habeas corpus against Walter Matthews, Superintendent of the Georgia Industrial Institute, at Alto, Georgia, alleging that he is being illegally restrained of his liberty by confinement at the Institute. His appeal from the judgment remanding him to the custody of the respondent, after hearing, is based on the contention that the evidence on the hearing showed that (1) he was sentenced upon a felony accusation without a jury trial, after entering his plea of not guilty, and (2) that he was not granted assistance of counsel for his defense.

■ The appellant was charged with simple larceny on the accusation of Mrs. C. E. Byers. On the reverse side of a form of indictment the following appeared:

"The defendant Kenneth Leslie Broome waives being formally arraigned and pleads not guilty. This 8 day of Oct. 1966 [Signed] Herbert B. Kimzey, Solicitor General.

"Copy of bill of indictment and list of witnesses sworn before the grand jury, waived before arraignment. The defendant waives the panel of forty-eight jurors being put upon him and all causes of challenge to the array. Attorney waived. [Signed] Kenneth Broome, Defendant."

The sentence of twelve months, signed by the Honorable

Lamar N. Smith, Judge of the Superior Courts of the Mountain Judicial Circuit, showed that the charge was simple larceny, and that the sentence was entered on a plea of guilty.

The appellant testified that when he was taken before the trial judge he did not intend to plead guilty to the charge against him, and that he did not plead guilty.

Herbert B. Kimzey, Solicitor General of the Mountain Judicial Circuit, testified that: At the time the appellant was sentenced, the witness had an indictment prepared to present to the next grand jury. He informed the appellant that there was a warrant outstanding against him, charging him with the offense of simple larceny, that it was a felony, and that he had a right to be indicted by a grand jury if he desired; that he had the right to the appointment of an attorney to consult with him if he wanted one before he made any plea in the matter; and the appellant told him that he did not desire an attorney and wanted to plead guilty to the charge. The entry signed by the witness, showing that the appellant entered a plea of not guilty, was a clerical error on his part. The word "not" was on a printed form, and he failed to strike the word. A plea of guilty was orally made by the appellant, but inadvertently recorded by the witness as "not guilty."

Grady Crocker, sheriff, testified that he heard the appellant make a verbal plea of guilty. The appellant had been in his custody, and he took him to Toccoa to enter his plea of guilty because the appellant stated that he did not want a trial, but wanted to plead guilty.

The trial judge was authorized to find under this evidence that the appellant pleaded guilty to the charge against him, and was not denied a jury trial.

■ The appellant testified that he was 18 years of age; that no attorney was appointed to represent him or to consult with him; that no one offered him the assistance of an attorney; that he did not tell anyone that he did not desire an attorney; and that he did want an attorney appointed for him.

There was evidence that the appellant was employed at the time of his arrest, and that he was literate. Herbert B. Kimzey, Solicitor General, testified in regard to the appointment of coun-

sel for the appellant that: He informed the appellant that he had a right to the appointment of an attorney to consult with him if he wanted one; that if he wanted one, the court would appoint one for him before he made any plea; and that the appellant told the witness that he did not desire an attorney and that he wanted to plead guilty. Sheriff Grady Crocker testified that when he placed the appellant in jail he told him that he was entitled to an attorney, and that he could make bond for the next term of court.

Counsel for the appellant relies on Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799, 93 ALR2d 733), to sustain the contention that the appellant was denied his constitutional rights in the failure of the court to appoint counsel for him. It was held in that case: "The right of an indigent defendant in a criminal trial to have the assistance of counsel is a fundamental right essential to a fair trial, and petitioner's trial and conviction without the assistance of counsel violated the Fourteenth Amendment."

In the present case the evidence was sufficient to show that the appellant was not an indigent, and that the assistance of counsel was intelligently and competently waived by him at the time he entered his plea of guilty. See Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461).

"In a habeas corpus hearing there is a presumption in favor of the conviction or judgment unreversed, and that the decision of the court convicting the prisoner was well founded, . . . and the burden is upon the prisoner to overcome this presumption." *Gay v. Balkcom*, 219 Ga. 554 (134 SE2d 600).

The trial judge did not err in remanding the appellant to the custody of the appellee.

*Judgment affirmed. All the Justices concur.*