A92A0545. HOWARD v. THE STATE.
(420 SE2d 594)

BIRDSONG, Presiding Judge.

Hack Howard was tried before a jury for three counts of burglary, involving theft of cash, checks and office equipment from a law office in Clarke County. He was found guilty of one count and acquitted of two counts. Appellant contends the trial court erred by refusing to charge the jury on impeachment of a State's witness by proof of felony convictions, unless appellant introduced certified copies of the convictions. He contends he should not have been required to introduce certified copies of the convictions, because the State's witness admitted her conviction on direct examination, and he contends that as the result of this ruling that he was required to introduce the "best evidence" of the witness' convictions, he was compelled to alter his trial strategy of not putting up evidence so as to reserve the right to make an opening and closing final argument under OCGA § 17-8-71, and he was thus unable to rebut the State's closing argument which materially mischaracterized the evidence as to the only burglary of which he was found guilty. Appellant also contends the evidence was insufficient to support the verdict. *Held*:

1. To impeach a witness by a prior conviction, the conviction must be proved by the record of the conviction itself. *O'Toole v. State,* 258 Ga. 614, 616 (4) (373 SE2d 12); *Mincey v. State,* 257 Ga. 500, 501 (2) (360 SE2d 578); *Ledesma v. State,* 251 Ga. 885, 888 (4) (311 SE2d 427); *Timberlake v. State,* 246 Ga. 488, 499 (6) (271 SE2d 792). This is really an application of the best evidence rule. *Moret v. State,* 246 Ga. 5, 6 (268 SE2d 635); *Timberlake,* supra. The certified copy of a conviction is primary evidence, as opposed to secondary evidence, and is the best proof. See OCGA §§ 24-5-1; 24-5-2. These cases generally involved the contention that an admission by a witness of a felony conviction on cross-examination will dispense with the rule, or

a contention that a party should be allowed to establish such a conviction by cross-examination. In this case, appellant contends the rule does not apply because the State proved the conviction by direct questioning of the witness.

Although the "best evidence" rule in this context may be waived where no objection is raised (see *O'Toole*, supra at fn. 2), a party does not waive it by merely eliciting some information related to a conviction. In general, it is not sufficient to establish the conviction by questioning the witness, because "the question itself can be prejudicial even though a negative answer be truthful." *Timberlake*, supra at 499. So, if convictions of crimes of moral turpitude are to be proved against a witness, they must be provided by the highest form of proof and not by insinuation, suggestion, or innuendo. The best evidence rule in this context is therefore not one which applies only in the absence of "any evidence" or slight information, and it is not a rule which applies only if no one has "opened the door," (see *Mincey*, supra), but it applies in the absence of a definite waiver of the requirement to prove the fact by the "best evidence." See *O'Toole*, supra.

In this case the State's attorney asked the witness: "You were just sentenced on forgery cases, is that right?" and "When you were sentenced did anybody from my office . . . say anything to you about testifying at a trial?" This questioning did not properly establish the fact of convictions of a crime of moral turpitude, by admission in open court or otherwise, and therefore was not sufficient to substitute for the best evidence and was not a waiver of that proof. See *O'Toole*, supra. Moreover, the record in this case proves the deficiencies of this sort of questioning as to a substitute for the best evidence, for it shows that appellant was in fact allowed to cross-examine the witness as to her convictions, but the witness was unable to recall whether "what [she] plead guilty to were . primarily forgery charges," and whether she also plead guilty to a charge of theft by taking. In these circumstances, appellant could not get the truth about the witness' convictions before the jury, except by the introduction of the records of conviction themselves.

The requirement that appellant introduce the best evidence of certain evidence he seeks to admit does not amount to depriving the criminal defendant of a due process constitutional right and is not cause to reverse a valid conviction, although it has the effect of not allowing the defendant the right to open and conclude closing argument under OCGA § 17-8-71, because the right to open and conclude closing argument is the constitutional right of the State. *Yeomans v. State*, 229 Ga. 488 (192 SE2d 362); *Harper v. State*, 166 Ga. App. 797 (305 SE2d 488). It is not a right of the defendant, but is only a privilege, or a compensation so to speak, which is given when he chooses

not to introduce evidence. *Hargrove v. State*, 117 Ga. 706 (45 SE 58). The criminal defendant of course has no burden of proof and no obligation to introduce evidence, and the fact that he has a right to introduce evidence does not allow him both to introduce evidence and to claim a right to open and conclude closing argument; and the particular reason he chooses to invoke his right to introduce evidence, including the necessity of rebuttal, does not control whether he may open and conclude argument under OCGA § 17-8-71. See, e.g., *Cady v. State*, 198 Ga. 99 (31 SE2d 38), cert. den., 323 U. S. 676 (65 SC 190, 89 LE 549), involving evidence of an affirmative defense.

Accordingly, we find no error in the trial court's refusal to charge the jury on impeachment unless appellant introduced the best evidence of the witness' convictions, and no error is created by the fact that by introducing such evidence, appellant did not have a right to open and conclude closing argument.

We note that appellant could have objected to any improper argument made by the State as to facts which appellant claims were not in evidence and claims he did not have the right to rebut, but he elected not to do so.

2. The evidence as to the burglary for which appellant was convicted includes his knowledge that the victims kept a large amount of cash in a box in a drawer, which knowledge appellant gained from having been paid out of that box after mowing the lawn a few weeks before this burglary, and the fact that fingerprints matching appellant's were found on molding of the window by which the burglar entered the building, as well as the State's witness' testimony that appellant gave her the check which she was arrested for having attempted to pass. We find the evidence sufficient to enable a rational trier of fact to find appellant's guilt of the offense of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JUNE 4, 1992 —
RECONSIDERATION DENIED JULY 1, 1992.

*Russell C. Gabriel,* for appellant.
*Harry N. Gordon, District Attorney, Richard J. Weaver, Assistant District Attorney,* for appellee.