## S02A1659. JACKSON v. THE STATE.
### (575 SE2d 447)

BENHAM, Justice.

Sanchez Jackson appeals in this case his convictions for malice murder and cruelty to children. The victim was Don-Ye Watson, the 22-month-old son of the woman with whom Jackson was living. A medical examiner testified that the child died as a result of blunt force trauma to the head and abdomen and that he had bruises on his head, neck, face, and body consistent with violent shaking. Jackson suggested to an emergency medical technician that the injuries resulted from a playground fall and that the child suffered a seizure after Jackson bathed him and put him to bed in front of an air conditioning unit. The treating physician testified that Jackson's explanation was inconsistent with the child's injuries.

1. The evidence, though circumstantial, was sufficient to authorize a rational trier of fact to find Jackson guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Mullins v. State*, 269 Ga. 157 (1) (496 SE2d 252) (1998).

2. Jackson complains of the admission of photographs of Don-Ye taken in the emergency room because they included tubes and catheters and were inflammatory. He argues that this case is distinguishable from *Jenkins v. State*, 270 Ga. 607, 609 (3) (512 SE2d 269) (1999), where this Court found "no abuse of the trial court's discretion in allowing photographs which depicted the end result of emergency medical efforts but did not otherwise meaningfully alter the state of the victim's body," because the photographs here did not depict the end result of emergency medical treatment. The medical testimony at trial, however, was that the photographs did depict standard treatments and procedures initiated to attempt resuscitation of the

child. Here, as in *Jenkins*, we find no abuse of discretion in admitting the photographs.

3. Trial counsel attempted to ask a medical witness hypothetical questions about the child's injuries in which he asked the witness to assume that someone without medical training had pressed the child's abdomen with fingers or hands. The trial court sustained the State's objection that because there were no facts in evidence regarding such pressure on the child's abdomen, the hypothetical questions were improper. Jackson now contends his cross-examination of that witness was erroneously curtailed, arguing that since the witness had first-hand knowledge of the child's condition, the questions were proper. While "an expert may give an opinion based upon facts personally observed by the expert" (*Turner v. State*, 273 Ga. 340, 344 (4) (541 SE2d 641) (2001)), the witness in the present case had not witnessed manual pressure applied to the child's abdomen, and there was no evidence that such pressure had occurred. "If an expert testifies by hypothetical question, the assumed facts must be placed in evidence by testimony or other legal means. [Cit.]" *Leonard v. State*, 269 Ga. 867, 871 (3) (506 SE2d 853) (1998). Since there was no evidence of manual pressure on the child's abdomen, the trial court did not err in refusing to allow hypothetical questions based on those assumed facts. Id.

4. Jackson's complaint that the trial court erred in failing to charge on malice as it relates to cruelty to children is without merit. "As we held in *Jones v. State*, [263 Ga. 835, 837 (2) (439 SE2d 645) (1994)], 'the term "maliciously" as used in the cruelty to children statute . . . is of such obvious significance and common understanding that there is no need to define it in the jury charge.' " *Green v. State*, 266 Ga. 550, 551 (2) (468 SE2d 365) (1996).

5. Contrary to Jackson's argument on appeal, the conviction for cruelty to children did not merge as a matter of fact into the conviction for malice murder. "Because of the presence of the element of the victim's age in the crime of cruelty to children, that offense is not an offense included in malice murder (*Loren v. State*, 268 Ga. 792 (3) (493 SE2d 175) (1997)), and did not merge into it as a matter of fact under the allegations of the indictment in this case." *Parker v. State*, 270 Ga. 256, 257-258 (1) (507 SE2d 744) (1998).

6. Finally, Jackson contends he was denied effective assistance of counsel. Our consideration of the record persuades us that Jackson has not met the requirement in *Strickland* of showing deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

Jackson's contention that trial counsel was ineffective for failing to request a charge defining "maliciously" with regard to the offense of cruelty to children is controlled adversely to him by *Jones v. State*,

supra, 263 Ga. at 838. Trial counsel's "failure to seek a directed verdict of acquittal was not deficient performance since, as noted in Division 1, supra, the evidence presented by the State was sufficient to authorize appellant's conviction. [Cit.]" *Coggins v. State*, 275 Ga. 479, 482 (3) (569 SE2d 505) (2002).

As to the two other allegations of ineffective assistance, cross-examining the child's mother about previous statements, the result of which was the admission of evidence that Jackson had previously assaulted her, and failing to object to questionable argument by the prosecuting attorney, trial counsel explained at the motion for new trial hearing the judgments he had made at trial with regard to those issues. With the first, he made the decision to accept some bad evidence in order to get to the good, and hoped the inconsistencies would persuade the jury that she believed Jackson had not acted maliciously toward the child. Trial counsel testified that he did not object to the argument because he did not want to draw attention to it and because the argument was almost over and defense counsel would have an immediate opportunity to refute the State's argument.

> "The standard regarding ineffective assistance of counsel is 'not errorless counsel and not counsel judged ineffective by hindsight, but counsel . . . rendering reasonably effective assistance.' [Cits.] In determining what constitutes ineffective assistance, a critical distinction is made between inadequate preparation and unwise choices of trial tactics and strategy." [Cit.] "Particularly in regard to matters of trial strategy and tactic, effectiveness is not judged by hindsight [or] result." [Cit.] We find that counsel articulated valid strategic decisions as to the foregoing grounds, and that strategy did not amount to ineffective assistance.

*Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998).
*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 13, 2003.

*Charles H. Frier*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jill M. Zubler, Paula K. Smith, Assistant Attorneys General*, for appellee.