## S03A1419. ROLLINS v. THE STATE.
### (591 SE2d 796)

SEARS, Presiding Justice.

This Court granted appellant Michele Yearwood Rollins's application for a certificate of probable cause to appeal the denial of her petition for habeas corpus relief. In her petition, Rollins alleged she received ineffective assistance from counsel in connection with her entry in 1989 of a First Offender[1] guilty plea to charges that she violated the Georgia Controlled Substances Act.[2] Having reviewed the record, we conclude that Rollins's plea was based upon the affirmative misrepresentations of counsel made in response to her inquiries about the collateral consequences of a First Offender plea. We also conclude it is reasonably probable that were it not for counsel's misrepresentations, Rollins would not have pled guilty but rather would have insisted upon proceeding to trial. Therefore, because Rollins's 1989 plea was the result of ineffective assistance from counsel, we reverse.

As found by the habeas court, in 1989 Rollins, a native of Barbados and a resident alien, pled nolo contendere to a charge of DUI (alcohol) and entered a First Offender guilty plea to a charge of violating the Georgia Controlled Substances Act. The latter charge was based upon an allegation that after her arrest for DUI, trace

---

[1] See OCGA § 42-8-60 et seq.
[2] OCGA § 16-13-20 et seq.

amounts of cocaine were discovered on a dollar bill found in Rollins's purse. At her plea hearing, Rollins denied any knowledge of the cocaine trace and asserted that she had no idea how the residue came to be on money found in her purse. However, because she did not dispute that the dollar bill had been taken from her purse, she entered a plea on the advice of counsel and was treated as a First Offender.

In the years following her First Offender plea, Rollins earned an Associate degree from Clayton State College, a double-major Bachelor degree from Georgia State University, and a Juris Doctor degree from the University of Georgia. As the wife of an American citizen for more than ten years, Rollins was officially accorded status as a legal resident alien. After graduating from law school, Rollins passed the Florida Bar Examination and the State of Florida offered her employment as a prosecutor. However, as part of its assessment of Rollins's fitness to practice law, the Florida State Bar requested and obtained an unsealed copy of Rollins's 1989 First Offender guilty plea. As a result, the State Bar of Florida is holding in abeyance its decision whether to admit Rollins to the practice of law and the Department of Immigration and Naturalization Services (INS) has instituted deportation proceedings against her.

Rollins sought relief in the habeas court, claiming that her 1989 guilty plea was invalid because her trial counsel informed her that if she entered a plea under the First Offender Act, there would be no negative consequences regarding either her desire to become a lawyer or her immigration status. The habeas court denied relief, ruling that Rollins's counsel had no obligation to inform her of the collateral consequences of her plea.

1. The habeas court erred by failing to distinguish between a lawyer's failure to inform his client of the collateral consequences attending a guilty plea and the affirmative misrepresentation of such consequences. Our precedent establishes that there is no constitutional requirement that a defendant be advised of collateral consequences in order for her guilty plea to be valid.[3] However, this particular appeal does not involve counsel's failure to inform, but rather concerns counsel's affirmative act of giving misinformation in response to a client's specific inquiries.

At the habeas court hearing, trial counsel testified that before entering her guilty plea, Rollins told him she was concerned about whether the plea would negatively impact either her desire to become an attorney or her immigration status. In response, trial counsel told Rollins that there would be no negative repercussions as

---

[3] *Williams v. Duffy*, 270 Ga. 580 (513 SE2d 212) (1999). See *Hill v. Lockhart*, 474 U. S. 52, 55-56 (106 SC 366, 88 LE2d 203) (1985).

a result of pleading guilty to the drug charge. Trial counsel also told Rollins that she would have no criminal record as a result of a First Offender plea and that the plea would remain under seal so that it could not be seen by immigration authorities or anyone else.

The transcript of Rollins's guilty plea hearing shows that after entering her non-negotiated plea, Rollins and her lawyer went off the record and again discussed the consequences of First Offender treatment, after which the trial court granted First Offender status to Rollins.

At the habeas court hearing, both trial counsel and Rollins testified that they believed the State's case alleging illegal drug possession was weak and that if Rollins thought that her guilty plea would negatively affect her intention to become a lawyer or her immigration status, she would not have entered the plea and would have insisted upon going to trial.

Thus, the record establishes that this case does not involve a situation where trial counsel failed to inform his client of the collateral consequences attending her guilty plea. To the contrary, it involves a trial lawyer's affirmative act of giving misinformation to his client, which the client then relied upon in entering her plea. This Court has recently considered a claim of ineffective assistance based upon allegations that an attorney provided misinformation about the collateral consequences of a guilty plea, but in that case we concluded the allegations were not supported by the evidence.[4] A number of other courts, however, have held that a client who relies upon a lawyer's misinformation about collateral consequences stemming from a guilty plea has grounds to argue that counsel provided ineffective representation.[5] Based upon our own precedent and the reasoning of these other cases, which we find persuasive, we hold that such claims of ineffective assistance must be analyzed under the two-part test of *Strickland v. Washington*.[6]

2. All criminal defendants, including those who waive their right to trial and enter a guilty plea, are entitled to effective legal assis-

---

[4] *Smith v. Gaither*, 274 Ga. 39 (549 SE2d 351) (2001). In *Smith*, the Court considered a claim of ineffective assistance based upon alleged misinformation given in connection with a guilty plea, but found the appellant failed to establish that his lawyer had actually provided erroneous information. Hence, we did not apply a traditional ineffectiveness analysis.

[5] See *Downs-Morgan v. United States*, 765 F2d 1534, 1540-1541 (11th Cir. 1985); *Holmes v. United States*, 876 F2d 1545 (11th Cir. 1989); *Crabbe v. State*, 248 Ga. App. 314, 315-316 (546 SE2d 65) (2001); *Ostrander v. Green*, 46 F3d 347, 355 (4th Cir. 1995), overruled on other grounds, *O'Dell v. Netherland*, 95 F3d 1214, 1222-1223 (4th Cir. 1996); *Beavers v. Saffle*, 216 F3d 918, 925-926 (10th Cir. 2000); *Goodall v. United States*, 759 A2d 1077, 1082 (DC App. 2000); *Hill v. Lockhart*, 894 F2d 1009 (8th Cir. 1990), cert. denied, 497 U. S. 1011 (110 SC 3258, 111 LE2d 767) (1990).

[6] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

tance.[7] In order to show a constitutional violation of this Sixth Amendment right, Rollins must (1) establish that her counsel's performance fell outside the range of competence for attorneys in criminal cases[8] and (2) "establish the reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial."[9]

At the habeas hearing, trial counsel admitted that he failed to conduct basic research before telling Rollins that a First Offender guilty plea would have no impact on either her immigration status or her desire to become a lawyer. Trial counsel also conceded that had he performed such basic research, he would have learned both that a First Offender plea would be considered by any state bar when determining whether an applicant is fit to practice law within a particular state and that the INS considers a First Offender plea a conviction for deportation purposes. Based upon these concessions, trial counsel testified that his representation of Rollins fell well below an objective standard of reasonableness.

We agree with counsel's assessment of his own performance. At the time Rollins pled guilty, an alien of her status was subject to deportation based upon a finding that she was in violation of any law of the United States regarding controlled substances,[10] a fact that would have been easily discovered through simple research. Moreover, it is standard practice for any State Bar, when determining whether an applicant is fit to practice law within a given jurisdiction, to require the applicant to provide information as to whether they have ever been charged with a crime or had a complaint filed against them, and if so, to explain the substance of the charge or complaint and its resolution.[11] Trial counsel's failure to perform basic research, which would have quickly led him to this information, caused him to provide erroneous information to Rollins at the time he counseled her to enter a First Offender guilty plea.[12] These acts fell well below an objective standard of the competence required for criminal attorneys in Georgia. Therefore, we conclude that the first prong of the *Strickland* analysis has been satisfied.

As explained above, both Rollins and trial counsel testified that

---

[7] *Williams*, 270 Ga. at 581; *Thompson v. Greene*, 265 Ga. 782, 784 (2) (462 SE2d 747) (1995).

[8] *Smith v. Wilson*, 268 Ga. 38, 39 (2) (485 SE2d 197) (1997).

[9] *Brantley v. State*, 268 Ga. 151, 152 (486 SE2d 169) (1997).

[10] 8 USC § 1227 (a) (2) (B) (i) (1996) (previously 8 USC § 241 (a) (11) (1952)). Nowhere in the United States Code is there an indication that an exception to this provision exists for defendants accorded First Offender status.

[11] See, e.g., Georgia Court and Bar Rules, Bar Admission Rule E-4 (a) (1) (C).

[12] See *Smith*, 274 Ga. at 40 (a lawyer's performance is evaluated in light of the circumstances confronting him before and during trial).

they believed the State's case was weak and that if it was tried before a jury, there was a good chance of acquittal. From the beginning, Rollins claimed ignorance of how the cocaine residue came to be on a dollar bill found in her purse. She even went so far as to emphasize this point to the trial judge who accepted her guilty plea. Both Rollins and trial counsel testified unequivocally that if she believed her plea would have an adverse impact on either her intention to become a lawyer or her immigration status, she would not have pled guilty. Conversely, the record shows no indication that, had she known of the adverse consequences of her guilty plea, Rollins still would have entered it. Based upon this evidence, we believe that it is reasonably probable that, but for trial counsel's errors, Rollins would have pled not guilty and would have asserted her right to a trial. Accordingly, we conclude the second *Strickland* prong has been satisfied.

3. The United States Court of Appeals for the Eleventh Circuit has stated that:

> When the misadvice of the lawyer is so gross as to amount to a denial of the constitutional right to the effective assistance of counsel, leading the defendant to enter an improvident plea, striking the sentence and permitting a withdrawal of the plea seems only a necessary consequence of the deprivation of the right to counsel.[13]

We agree with this pronouncement and adopt its reasoning. Therefore, due to her lawyer's ineffective assistance in connection with her entry of a First Offender guilty plea to charges of violating the Georgia Controlled Substances Act, Rollins's 1989 sentence is stricken and she will be allowed to withdraw her plea.[14]

*Judgment reversed. All the Justices concur.*

---

[13] *Holmes*, 876 F2d at 1552.

[14] In its brief and at oral argument, the State urges that Rollins suffered no harm as a result of her plea, because she entered the plea before the trial court accorded her First Offender status and had no right to withdraw it afterward. Hence, argues the State, Rollins would have suffered the same deportation and bar fitness consequences regardless of whether she received First Offender treatment. We reject this argument for several reasons. First, we note that in his order, the habeas corpus judge, who also presided over Rollins's plea hearing, characterized the plea as a "First Offender plea." On appeal, the State does not argue this finding is clearly erroneous. Second, the record contains abundant evidence that trial counsel provided erroneous information to Rollins *before* she entered her guilty plea and that in entering her plea, she relied upon that misinformation. Finally, the State's argument only serves to highlight that Rollins received ineffective assistance from her trial counsel. The State claims that by permitting his client to enter a guilty plea before ensuring she would receive First Offender treatment, trial counsel foreclosed Rollins's ability to show she was harmed due to his erroneous advice. Even if true, however, this argument only demonstrates that trial counsel mishandled Rollins's plea hearing, prejudicing her in the process, and therefore buttresses our conclusion that she received ineffective assistance.

DECIDED JANUARY 12, 2004.

*Abbi T. Guest*, for appellant.

*Daniel J. Porter*, District Attorney, *David B. Fife*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, for appellee.

*Peter R. Hill, Nicholas A. Lotito*, amici curiae.