S04A1071. GERISCH v. MEADOWS.
(604 SE2d 462)

THOMPSON, Justice.

We granted a certificate of probable cause to appeal in this habeas corpus action to determine whether Keith Edwain Gerisch was denied constitutionally effective assistance of trial counsel in connection with Gerisch's guilty plea to aggravated battery. Because we conclude that trial counsel was ineffective in failing to recognize and fully investigate a double jeopardy claim, and in failing to

reasonably inform petitioner of the merits of that defense prior to the entry of his guilty plea, we reverse the judgment of the habeas court.

On June 21, 1998, Gerisch was involved in a fight with Lara Robinson and he was charged with the municipal offenses of disorderly conduct by fighting and "public drunk." On July 6, 1998, he pled guilty to those charges in the City Court of Nashville, Georgia; he was sentenced to 12 months probation, and ordered to pay a fine of $1,000, plus $761 as restitution for the victim's medical expenses.

On June 25, 1998, Gerisch was charged in a two-count indictment in Berrien County Superior Court with aggravated battery arising from the June 21, 1998 fight with Robinson; and with simple battery arising from another altercation with Robinson which occurred on a different day. In addition, he was charged in a separate indictment with felony possession of marijuana and DUI. Gerisch was appointed counsel who entered into plea negotiations with the prosecutor to dispose of all pending charges. As a result of the plea negotiations, the prosecutor recommended a sentence of twenty years on the aggravated battery charge (ten to serve, ten on probation); plus concurrent terms on the remaining offenses.

While in court to enter his plea, Gerisch, who was functionally illiterate, told his attorney that he had been punished in city court for the conduct underlying the aggravated battery (June 21, 1998 attack on Robinson), and he asked counsel why the State could indict him on the same charges. Counsel subsequently advised Gerisch that a double jeopardy claim would be fruitless, and if he were to raise the issue and fail, the prosecutor would withdraw his plea recommendation and seek greater punishment. On that day, Gerisch entered guilty pleas to all charges and he was sentenced in accordance with the prosecutor's recommendations, plus a fine of $1,500 and costs and surcharges on the aggravated battery count.

Gerisch appended to his habeas petition a noncertified copy of the incident report underlying the disorderly conduct charges in city court, as well as the disposition sheet reflecting his guilty plea to the charge and sentence. At the habeas hearing, Gerisch directed the court to the documents, arguing, "I was already charged one time and then . . . I'm back and charged twice again for the same crime . . . same date, same time, same address, same person, same incident report, same everything." In its order denying habeas relief, the court found that the entry of the guilty plea waived consideration of the double jeopardy claim; that "there is no credible evidence" of the events that took place in city court, as the documents proffered by Gerisch were merely hearsay; and that Gerisch was not denied effective assistance of counsel in the plea proceedings in superior court. We certified those rulings for review.

1. First we look to whether there was credible evidence before the habeas court of the city court conviction, which would demonstrate that both the disorderly conduct by fighting and the aggravated battery charges emanated from the same conduct. While a noncertified copy of a conviction may be subject to the hearsay rule (see generally OCGA § 24-3-17 and *Brown v. State*, 274 Ga. 31 (1) (549 SE2d 107) (2001)), here Gerisch offered original evidence of the circumstances of his conviction by his own testimony. The evidence was uncontested and respondent voiced no objection to its admissibility. The value of the petitioner's testimony regarding the circumstances of his plea in city court depends on his own credibility, not that of another.

> The hearsay rule does not prevent a witness from testifying to what he has heard; it is rather a restriction on the proof of fact through extrajudicial statements. From the viewpoint of the Confrontation Clause, a witness under oath, subject to cross-examination, and whose demeanor can be observed by the trier of fact, is a reliable informant not only to what he has seen but also to what he has heard.

(Punctuation omitted.) *Castell v. State*, 250 Ga. 776, 779 (1) (b) (301 SE2d 234) (1983). Thus, petitioner's own sworn testimony was enough to establish his plea of guilty to the city charges and the conduct underlying that plea. Id. See generally *Jackson v. Lowry*, 171 Ga. 349 (155 SE 466) (1930).

2. Gerisch asserts that he was twice punished for the same crime, in violation of the Fifth Amendment Double Jeopardy Clause, as applied to the states by the Fourteenth Amendment.

> [A] person who has been convicted of a crime having several elements included in it may not subsequently be tried for a lesser-included offense — an offense consisting solely of one or more of the elements of the crime for which he has already been convicted . . . the reverse is also true; a conviction on a lesser-included offense bars subsequent trial on the greater offense.

(Punctuation omitted.) *State v. Burroughs*, 246 Ga. 393, 394 (271 SE2d 629) (1980). See also *Brown v. Ohio*, 432 U. S. 161, 166 (97 SC 2221, 53 LE2d 187) (1977), applying the test in *Blockburger v. United States*, 284 U. S. 299, 304 (52 SC 180, 76 LE 306) (1932) (in determining whether there are two offenses or only one for double jeopardy purposes under the Fifth Amendment, we look to whether each

provision "requires proof of a fact which the other [did] not") (punctuation omitted). Thus, if all the elements of aggravated battery are contained in the municipal crime of disorderly conduct, Gerisch may not be tried on the state court offense. Id. That is because the constitution prohibits "successive prosecutions as well as cumulative punishment." *Brown v. Ohio,* supra, 432 U. S. at 166.

Relying on *United States v. Broce,* 488 U. S. 563 (109 SC 757, 102 LE2d 927) (1989) and *Clark v. Caldwell,* 229 Ga. 612 (193 SE2d 816) (1972), the habeas court reached the conclusion that Gerisch's entry of the guilty plea to aggravated battery waived consideration of his constitutional double jeopardy claim. The dissent adopts that analysis. But the critical distinction is that the guilty pleas in both *Broce* and *Clark* were knowingly and voluntarily entered with the benefit of competent counsel. As noted in *Broce*: "A failure by counsel to provide advice may form the basis of a claim of ineffective assistance of counsel, but *absent* such a claim it cannot serve as the predicate for setting aside a valid plea." (Emphasis supplied.) 488 U. S. at 574.

A federal double jeopardy claim was held to survive a guilty plea in *Menna v. New York,* 423 U. S. 61 (96 SC 241, 46 LE2d 195) (1975). The reason is that the United States Constitution precludes a state from "haling a defendant into court on a charge" for which he has already pled guilty and been punished. Id., 423 U. S. at 62. See also *Hooten v. State,* 212 Ga. App. 770, 771 (1) (442 SE2d 836) (1994) (an unconditional guilty plea generally does not preclude appeal grounded on "double jeopardy-type errors"), citing *Blackledge v. Perry,* 417 U. S. 21, 30 (94 SC 2098, 40 LE2d 628) (1974). Compare *Addison v. State,* 239 Ga. 622 (238 SE2d 411) (1977) (valid guilty plea will stand where no constitutional violation or ineffective assistance of counsel claim asserted).

It follows that the habeas court erroneously concluded that the entry of the guilty plea to aggravated battery in all circumstances waived consideration of the constitutional double jeopardy claim.

3. The two-prong test for establishing ineffective assistance of counsel enunciated in *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) applies to guilty pleas. *Hill v. Lockhart,* 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985); *Thompson v. Greene,* 265 Ga. 782 (2) (462 SE2d 747) (1995). Under that test a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. *Rollins v. State,* 277 Ga. 488 (2) (591 SE2d 796) (2004).

Counsel testified at the habeas hearing that when she and Gerisch were in court for the plea proceedings, he expressed "confusion as to why — understandably so . . . would he have faced some

charges in City Court and then how could the State of Georgia come back and then indict him on these charges." As a result of Gerisch's inquiry, counsel had a discussion with the district attorney, who advised her that a double jeopardy claim would have no merit. Counsel also contacted the city court judge to verify that there had been proceedings against Gerisch in that court. What she learned was that Gerisch had been charged with disorderly conduct under a municipal ordinance. Because the prior prosecution was for a violation of a municipal ordinance, and not a state offense, counsel did not believe that there was a potential double jeopardy defense: "I felt like his double jeopardy issue would come in if he had been charged with [the state offense of] simple battery and then the aggravated battery later." She did not, however, obtain any of the city court records, and there is no indication that she researched or evaluated the issue any further.[1] Counsel subsequently advised Gerisch that a double jeopardy claim would be fruitless, and if he were to raise the issue and fail, the prosecutor would withdraw his plea recommendation and seek greater punishment. Counsel testified that "based on what advice she gave," Gerisch decided to enter a plea.

Contrary to the expansive and conclusory statements of the dissent that counsel properly investigated and advised her client as to the viability of a double jeopardy claim, the undisputed evidence shows that, other than a cursory inquiry into the city court proceedings, counsel utterly failed to research and evaluate evidence of the elements of the city court offense or the facts underlying it. Instead, she relied on the advice from the district attorney who was prosecuting Gerisch in superior court, and counsel's own misapprehension that the prosecution in city court could not provide a basis for a valid double jeopardy claim. See *Brown v. Ohio*, supra. The giving of misleading advice through the failure to conduct basic research, and "to investigate [her] options and make a reasonable choice between them," *Turpin v. Christenson*, 269 Ga. 226, 239 (12) (B) (497 SE2d 216) (1998), was erroneous and was not within the range of competence required of attorneys in criminal cases. *Benham v. State*, 277 Ga. 516 (591 SE2d 824) (2004); *Rollins*, supra. Therefore, counsel's performance fell below an objective standard of reasonableness.

As for the prejudice prong, it is clear from Gerisch's argument before the habeas court, and from his counsel's testimony, that but for

---

[1] Both Gerisch and his counsel testified that these discussions took place in superior court on the day that Gerisch was taken there to enter his plea. In fact, Gerisch testified that he was not even aware that the plea agreement included a charge of aggravated battery, thus prompting his question about double punishment. Instead, he believed that he was pleading guilty to the other pending offenses.

counsel's error, it is reasonably probable Gerisch would not have pled guilty to the charge of aggravated battery. *Rollins,* supra.

*Judgment reversed. All the Justices concur, except Fletcher, C. J., who concurs in judgment only and Carley, J., who dissents.*

CARLEY, Justice, dissenting.

In *Strickland v. Washington,* 466 U. S. 668, 689 (III) (A) (104 SC 2052, 80 LE2d 674) (1984), the Supreme Court of the United States cautioned that

> [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. [Cit.]

The record in this case shows that the habeas corpus court fully complied with this admonition, by "judg[ing] the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland v. Washington,* supra at 690 (III) (A). Today, however, this Court ignores the express warning in *Strickland,* and does indeed conduct its own de novo hindsight assessment of trial counsel's performance. Based solely upon that improper analysis, the majority "conclude[s] that trial counsel was ineffective in failing to recognize and fully investigate a double jeopardy claim, and in failing to reasonably inform petitioner of the merits of that defense prior to the entry of his guilty plea . . . ." Majority opinion, pp. 641-642. I submit that such a conclusion is not only contrary to the undisputed facts of this case, it is also inconsistent with the well-established legal principles applicable to an ineffective assistance of counsel claim.

Moreover, and maybe more important from an overall perspective of habeas corpus jurisprudence, today's opinion is completely inconsistent with the well-recognized principle that,

> "[i]n a habeas corpus hearing there is a presumption in favor of the conviction or judgment unreversed, and that the decision of the court convicting the prisoner was well founded, . . . and the burden is upon the prisoner to overcome this presumption." [Cit.]

*Broome v. Matthews,* 223 Ga. 92, 94 (2) (153 SE2d 721) (1967). The habeas court found that Gerisch did not produce any probative

documentary evidence to rebut the presumption that his state court conviction was valid, and that he even failed to prove the relevant facts and circumstances of his municipal court conviction upon which he based his claim of a double jeopardy violation. He submitted only uncertified and inadmissible copies of an incident report and disposition sheet, even though a "certified copy of a conviction is primary evidence, . . . and is the best proof. [Cits.]" *Howard v. State*, 204 Ga. App. 743 (1) (420 SE2d 594) (1992). The majority concedes that there was not any documentary evidence to support the claim, but, relying entirely on Gerisch's own testimony, it nevertheless reverses the habeas court's conclusion that he failed to carry his burden of proof. Thus, the habeas courts of this state should be apprised that, from this day forward, they are no longer authorized to enforce the rules of evidence and to make credibility determinations, but that, as a matter of law, they must now accept the self-serving oral testimony of a petitioner, standing alone, as sufficient to shift the evidentiary burden to the respondent to prove that the conviction and sentence are constitutional. I submit that this is a radical departure from controlling authority and, in effect, creates an entirely new presumption that a conviction is invalid and places on the respondent the burden of overcoming this presumption of invalidity. I further submit that, when the proper standard of review and the correct analysis are applied to the evidence that appears in the record in this case, it is absolutely clear that the denial of habeas corpus relief should be affirmed.

In the municipal court, Gerisch pled guilty to disorderly conduct for fighting. In the superior court, he subsequently entered guilty pleas to several state charges, including aggravated battery. The municipal and state charges are based upon the same incident. Under the circumstances, however, the more expansive principle of statutory double jeopardy does not apply, because the initial conviction was for a municipal offense. *State v. Burroughs*, 244 Ga. 288, 289 (1) (260 SE2d 5) (1979), vacated on other grounds, *Burroughs v. Georgia*, 448 U. S. 903 (100 SC 3044, 65 LE2d 1134) (1980), on remand, 246 Ga. 393 (271 SE2d 629) (1980). Thus, all double jeopardy issues raised by Gerisch are controlled by the more limited constitutional standard. *State v. Burroughs*, supra at 289-291 (2), (3).

The habeas court determined that Gerisch did not have a viable double jeopardy claim under the Fifth Amendment, because he pled guilty in the superior court. By this holding, the habeas court correctly applied the principle that where, as here, a constitutional double jeopardy violation is not apparent on the face of the existing record, " 'a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.' " *United States v. Broce*, 488 U. S. 563, 574

(II) (A) (109 SC 757, 102 LE2d 927) (1989). Since Gerisch waived his constitutional double jeopardy defense, he does not have a viable habeas claim unless he proved that that waiver was the result of a violation of his Sixth Amendment right to effective assistance of trial counsel. "A failure by counsel to provide advice may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid plea." *United States v. Broce*, supra at 574 (II) (A).

To prevail on an ineffective assistance of counsel claim, Gerisch was required to show that his attorney's performance in connection with the double jeopardy defense was deficient and that, but for that deficient performance, there is a reasonable probability that he would not have pled guilty. *Strickland v. Washington*, supra. The habeas court specifically determined that Gerisch's claim of ineffective assistance of counsel in the plea proceeding was without merit. In Division 3, the majority concludes that, notwithstanding the habeas court's findings, Gerisch made a sufficient showing of trial counsel's deficient performance, because "she relied on the advice from the district attorney who was prosecuting Gerisch in superior court, and counsel's own misapprehension that the prosecution in city court could not provide a basis for a valid double jeopardy claim." Majority opinion, p. 645. What this pronouncement of counsel's deficiency lacks, however, is any proof that the prosecutor's advice or the attorney's own concern about the viability of the double jeopardy defense was misplaced. If the District Attorney and defense counsel were correct and Gerisch did not have a viable double jeopardy defense, then there was certainly no deficiency in recommending that he plead guilty to the aggravated battery charge. Nothing cited in the majority opinion remotely points to the conclusion that the double jeopardy defense Gerisch waived was valid.

> The constitutional prohibition is against being twice placed in jeopardy for the "same offense." . . . " 'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not . . . .' " [Cit.]

*State v. Burroughs*, supra at 290 (3). As the habeas court correctly noted, Gerisch failed to submit any credible evidence as to his prosecution for the municipal offense, even with regard to the terms of the ordinance that he was alleged to have violated. "The proper method of proving a city ordinance is by production of the original or

of a properly certified copy. [Cit.]" *Police Benevolent Assn. of Savannah v. Brown*, 268 Ga. 26, 27 (2) (486 SE2d 28) (1997). The majority concedes that Gerisch's testimony cited in Division 1 constitutes evidence only as to the "conduct" which led to the initiation of the disorderly conduct charge against him. Majority opinion, p. 643. As such, that testimony is completely irrelevant to the issue of whether, as a matter of constitutional law, his prosecution for that crime was for the "same offense" as the aggravated battery to which he pled guilty. The dispositive issue is not his "conduct," but the elements of the offense which underlay his prosecution in the municipal court. There was no proof that the physical injury to the victim which formed the basis of the subsequent charge of aggravated battery was an element of the previously prosecuted crime of disorderly conduct. Such documentary evidence as Gerisch did produce regarding the proceedings in the municipal court was hearsay and lacking in any probative value. *Brown v. State*, 274 Ga. 31, 32 (1) (549 SE2d 107) (2001) (narrative portions of police reports inadmissible, nonprobative hearsay). Therefore, on the record before the habeas court and now before this Court, it is simply impossible to determine whether "disorderly conduct," as defined in the ordinance, is the "same offense" as "aggravated battery," as defined in OCGA § 16-5-24. Compare *State v. Burroughs*, supra at 290 (3). Moreover, absent some probative evidence of what actually transpired in the municipal court, it cannot be said that any evidence necessary to prove an element of aggravated battery was "used up" in proving the violation of the disorderly conduct charge. Thus, Gerisch completely failed to show that he had a valid constitutional double jeopardy defense. If he did not have such a defense, his attorney was not ineffective for recommending that he not pursue it. Moreover, absent a showing of a double jeopardy claim which was viable, there is no "reasonable" probability that he would have rejected the State's plea bargain and entered a not guilty plea. The anomalous result of today's opinion is that habeas relief is now available in this state to a petitioner who simply claims that he or she would not have pled guilty because plea counsel did not fully inform the petitioner about a possibly viable defense.

Furthermore, even assuming that Gerisch had proved that he waived a valid double jeopardy defense, that still would not necessarily show that his attorney's performance was deficient. The Constitution only guarantees effective, not errorless, counsel. *Jackson v. State*, 276 Ga. 94, 96 (6) (575 SE2d 447) (2003). Here, Gerisch's trial lawyer testified that, after she investigated the double jeopardy issue and concluded that it was unlikely to prevail, she so advised her client, and apprised him that, if it was not successful, the State would withdraw its offer of a plea bargain, which encompassed *all* of the

offenses and not just aggravated battery. However, she also informed Gerisch that she would assert the defense if he was prepared to forgo the prosecution's offer. After receiving all of this information, Gerisch decided to enter a plea.

This undisputed evidence of record clearly supports the habeas court's finding that counsel was not ineffective.

> Counsel has a duty to investigate and to provide informed legal advice to the client and "first must evaluate potential avenues and advise the client of those offering possible merit." [Cit.] However, after having been informed, the defendant, and not his attorney, makes the ultimate decision about, for example, what line of defense to pursue, [cit.] . . .

*Morrison v. State*, 258 Ga. 683, 686 (3) (373 SE2d 506) (1988). As the habeas court correctly noted, Gerisch "was given his options and he decided to plead guilty to aggravated battery." Accordingly, even assuming for the sake of argument that trial counsel may have been wrong in her assessment of the viability of the double jeopardy defense, that does not constitute a basis for setting aside Gerisch's guilty plea. " 'Particularly in regard to matters of trial strategy and tactic, effectiveness is not judged by hindsight (or) result.' [Cit.]" *Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998). The decision either to plead guilty and accept the State's plea bargain or to gamble and risk losing a plea of constitutional double jeopardy was a fundamental matter of strategy and tactics. It is entirely under-standable that Gerisch's attorney was circumspect in assessing the validity of the double jeopardy claim, since the defense would not be judged under the more expansive statutory provisions, but would have to satisfy the stricter constitutional standard. The majority errs in engaging in hindsight and second-guessing so as to characterize that strategic and tactical decision as ineffectiveness on the part of defense counsel who appears to have been a conscientious, competent and well-intentioned advocate for her client. Therefore, I respectfully dissent to the reversal of the judgment of the habeas corpus court.

DECIDED OCTOBER 25, 2004 —
RECONSIDERATION DENIED NOVEMBER 22, 2004.

Keith E. Gerisch, *pro se.*
*Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.

*James C. Bonner, Jr., Sarah L. Gerwig, Mark A. Rogers*, amici curiae.