## S05A1190. THE STATE v. SABILLON.
### (622 SE2d 846)

MELTON, Justice.

Following the grant of Jose Sabillon's petition for writ of habeas corpus, the State appeals, contending that the trial court erred when it determined that Sabillon, a resident alien, received ineffective assistance of counsel because his attorney informed him that his immigration status would not be affected by entering a guilty plea for the crime of felony possession of marijuana. For the reasons set forth below, we find that Sabillon failed to present any competent evidence showing that he was prejudiced in this case. Accordingly, we reverse.

The record shows that, on July 15, 1995, Sabillon, a resident alien from Honduras, pled guilty to one count of felony possession of marijuana. Sabillon admitted to ownership of 170 grams of marijuana found in his home and further contended that the marijuana was for his personal use. Sabillon was sentenced as a first offender to four years of probation. On July 15, 1999, Sabillon completed his first offender sentence, and he was discharged without an adjudication of guilt. Sometime later, the INS initiated deportation proceedings against Sabillon in response to his guilty plea and conviction,[1] and, on

---

[1] 8 USCA § 1227 (a) (2) (B) (i) states:

Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . , other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

8 USCA § 1227 (a) (2) (B) (ii) adds: "Any alien who is, or at any time after admission has been,

November 29, 2004, Sabillon filed a petition for writ of habeas corpus, contending that he had received ineffective assistance of counsel because, prior to entering his guilty plea, his trial counsel advised him that the plea would have no effect on his immigration status. The trial court granted Sabillon's petition, and the State now appeals this ruling.

When a defendant contends that his trial counsel affirmatively misrepresented the collateral consequences of a guilty plea, he has grounds to argue that he received ineffective assistance of counsel, and his claim must be analyzed under the two-part test of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). See *Rollins v. State*, 277 Ga. 488 (1) (591 SE2d 796) (2004).

> All criminal defendants, including those who waive their right to trial and enter a guilty plea, are entitled to effective legal assistance. In order to show a constitutional violation of this Sixth Amendment right, [Sabillon] must (1) establish that [his] counsel's performance fell outside the range of competence for attorneys in criminal cases and (2) "establish the reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial."

(Footnotes omitted.) Id. at 490-491 (2).

In order to satisfy his burden of proving ineffective assistance, Sabillon, who waived his attendance at the habeas hearing,[2] offered only two pieces of evidence, a sworn declaration by his trial attorney and one of his own. While the trial attorney's declaration was admitted into evidence by prior agreement of the parties, the trial court excluded Sabillon's affidavit as hearsay, noting that the State had no way of cross-examining Sabillon. Sabillon acquiesced in this ruling. As a procedural matter, the trial court properly excluded Sabillon's affidavit. OCGA § 9-14-48 requires that, if a party intends to introduce an affidavit at the habeas hearing, the affidavit must be served on the opposing party at least ten days in advance of the hearing. In this case, it is undisputed that Sabillon presented his affidavit to the State for the first time on the day of the hearing. Therefore, Sabillon's affidavit was correctly excluded, and the only evidence supporting Sabillon's claim of ineffective assistance was the following averment from his trial counsel's declaration:

---

a drug abuser or addict is deportable."

[2] Sabillon's attorney indicated that Sabillon chose to waive his presence to avoid the difficulty of obtaining an order to produce him from INS custody for a habeas hearing.

During the course of my representation of Mr. Sabillon, I advised him that once the conviction was discharged under the First Offender Act, that he would no longer have a criminal conviction for all practical purposes and that as a result this conviction would not affect his immigration status. Had I been aware at the time of this fact, I would have encouraged Mr. Sabillon to exercise his right to have a trial and I would have been prepared for trial. In view of the fact that I feel that I misadvised Mr. Sabillon, I feel that my representation of him was ineffective and that since he relied on my advice to his detriment, that his guilty plea was not knowingly and voluntarily entered. I would appreciate any and all consideration be given to Mr. Sabillon as he did not realize the true legal consequences of entering this plea.

During the habeas hearing, the State conceded that the performance of Sabillon's trial counsel fell outside the range of competence for attorneys in criminal cases,[3] but argued that Sabillon had failed to prove that, but for this incompetence, he would have chosen to go to trial. Therefore, the question now before us is whether, under the facts of this case, the conclusory statement by Sabillon's trial attorney that Sabillon "relied on my advice to his detriment [and] his guilty plea was not knowingly and voluntarily entered" satisfies the prejudice prong of *Strickland*, supra, without any further evidence.

To show prejudice, Sabillon must establish the reasonable probability that, but for his counsel's errors, he would have proceeded to trial rather than enter a guilty plea. *Rollins*, supra. Here, the habeas court was presented only with trial counsel's conclusory statements with no underlying explanation, either from Sabillon or his trial attorney, neither of whom attended the habeas hearing, and the State had no opportunity to examine Sabillon at all. In the absence of any evidence of his mindset, Sabillon has not proven prejudice because he has provided nothing on which to determine whether there was a reasonable probability, rather than an abstract possibility, that he would have chosen to go to trial.

Although Sabillon argues that his case is directly on point with our prior opinion in *Rollins*, that precedent is inapplicable here. In *Rollins*, the defendant provided competent testimony that, given her specific circumstances, she would have chosen to go to trial rather than plead guilty. Here, on the other hand, Sabillon has given no

---

[3] Therefore, to the extent that the State tries to resurrect this contention on appeal by raising arguments never placed before the trial court, it has waived the right to do so.

testimony, and has simply failed to show prejudice.[4] Furthermore, the defendant in *Rollins*, despite her ultimate guilty plea, maintained that a trace amount of cocaine found on a dollar bill in her purse was not hers. In contrast, Sabillon has maintained that the marijuana found in his home was his. In fact, he further explained that all 170 grams were for his personal use.

*Judgment reversed. All the Justices concur.*

SEARS, Chief Justice, concurring.

I agree with the majority's conclusion that Sabillon has failed to prove that he was prejudiced by his attorney's improper advice, but write separately to emphasize the complete lack of evidence put forth by Sabillon in his attempt to make that showing. This Court has consistently held that an affirmative misrepresentation by an attorney regarding the effect of a guilty plea can serve as the basis for a finding of ineffective representation, so long as the defendant shows a reasonable probability that he would have chosen to go to trial but for the misrepresentation.[5]

In this case, however, Sabillon offered nothing more than an unsupported, conclusory, affidavit from his attorney, stating that Sabillon relied on the attorney's advice "to his detriment." Sabillon did not testify, nor did he offer any evidence showing why he would have chosen to go to trial and risk a long prison sentence, and near-certain deportation, instead of accepting the generous first offender probationary sentence and the mere possibility of deportation, by pleading guilty. If the unsupported conclusions in the attorney's affidavit were enough in this case, the prejudice analysis in cases such as this would be effectively rendered meaningless. Accordingly, I concur with the majority's conclusion that Sabillon has failed to show that there is a reasonable probability that but for his attorney's bad advice, he would have eschewed the State's first offender offer and proceeded to trial.

DECIDED NOVEMBER 21, 2005.

---

[4] For the same reason, this case must be distinguished from *Gerisch v. Meadows*, 278 Ga. 641 (604 SE2d 462) (2004) (absent counsel's errors it is reasonably probable that defendant would not have pled guilty to charges).

[5] See, e.g., *Rollins v. State*, 277 Ga. 488 (591 SE2d 796) (2004); *Gerisch v. Meadows*, 278 Ga. 641 (604 SE2d 462) (2004).

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Elisabeth G. MacNamara, Leonora Grant, Assistant District Attorneys,* for appellant.
*Campano & Sperling, Jean C. Sperling-Cavallero,* for appellee.