S06A0299. THE STATE v. PATEL.
(626 SE2d 121)

CARLEY, Justice.

Dr. Narendra Patel was charged with sexual battery, and his lead counsel employed another attorney with expertise in healthcare law to give advice regarding the effects of any conviction on Dr. Patel's ability to practice medicine. He was advised of a likely six-month suspension of his medical license, temporary loss of hospital privileges, and adverse publicity, and he subsequently entered a plea of nolo contendere under the first offender statute. OCGA § 42-8-60. After the expiration of his license suspension and the completion of his probated sentence, Dr. Patel was prohibited for ten years from participating in Medicare, Medicaid, and all federal health care programs pursuant to the mandatory exclusion of 42 USC § 1320a-7

and corresponding regulations. When he failed to obtain administrative or judicial relief from the exclusion, Dr. Patel filed an application for writ of habeas corpus, alleging ineffective assistance of counsel.

After a hearing, the habeas court found that Dr. Patel specifically raised the question of the impact of the proposed plea on his relations with such payors as Medicare and Medicaid, and was then expressly advised that there would not be any long-term adverse consequences on his practice. The habeas court further found that the healthcare attorney failed to perform the basic research which would have revealed the mandatory exclusion and that, had Dr. Patel known of such a consequence, he would not have accepted the plea agreement, but would have proceeded to trial. Citing *Rollins v. State*, 277 Ga. 488 (591 SE2d 796) (2004), and concluding that counsel made gross affirmative misrepresentations which induced Dr. Patel to plead nolo contendere, the habeas court ordered that the sentence be stricken and that the plea be allowed to be withdrawn. The State appeals directly. OCGA § 9-14-52 (a), (c).

The State contends that the habeas court failed to apply the correct legal standard. To prove ineffective assistance of counsel with regard to a plea of nolo contendere, a defendant must show that his attorney's performance was deficient and that, but for counsel's errors, there is a reasonable probability that the defendant would have insisted on proceeding to trial rather than entering the plea. *Smith v. Williams*, 277 Ga. 778, 779 (1) (596 SE2d 112) (2004); *Hopkins v. State*, 274 Ga. App. 872 (619 SE2d 368) (2005). This two-pronged test for ineffective representation in connection with a plea, which is set forth in *Rollins v. State*, supra at 491 (2), and derived from *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), is reflected in the language of the habeas court's order. However, the State argues that, since Dr. Patel's attorneys were of excellent reputation, rendered vigorous and effective representation, and gave accurate advice, they should not be found ineffective for failing to answer a single question pertaining to a collateral matter.

"[T]he right to effective assistance of counsel . . . may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial. [Cits.]" *Murray v. Carrier*, 477 U. S. 478, 496 (III) (106 SC 2639, 91 LE2d 397) (1986) (citing *United States v. Cronic*, 466 U. S. 648, 657, fn. 20 (104 SC 2039, 80 LE2d 657) (1984)). See also *Kimmelman v. Morrison*, 477 U. S. 365, 383 (III) (A) (106 SC 2574, 91 LE2d 305) (1986); *Shorter v. Waters*, 275 Ga. 581, 584 (571 SE2d 373) (2002) (ineffective assistance of appellate counsel). Thus, an attorney's misunderstanding of the law can result in ineffective assistance when it leads to advice on a plea bargain which incorrectly assesses the legal consequences of the plea.

3 LaFave, Israel & King, Criminal Procedure, § 11.10 (c), p. 721 (2nd ed. 1999). Although there is no constitutional requirement that a defendant be informed of collateral consequences of a plea, a lawyer's affirmative misrepresentations about those consequences in response to his client's specific inquiries may constitute ineffective representation. *Smith v. Williams*, supra at 778-779 (1); *Rollins v. State*, supra at 489-490 (1). See also *Crabbe v. State*, 248 Ga. App. 314, 315 (546 SE2d 65) (2001).

The affidavits of Dr. Patel and his healthcare attorney and the testimony of lead counsel furnished the habeas court with ample evidence that Dr. Patel made specific inquiry regarding the effect of the nolo plea on his future participation in federal health care programs, and that his trial counsel responded with affirmative misrepresentations, which were caused by the failure to perform basic research with regard to Dr. Patel's question. Such acts of defense counsel fall well below the objective standard of competence required for attorneys in criminal cases. *Rollins v. State*, supra at 491 (2). Furthermore, the evidence at the habeas hearing specifically established that Dr. Patel, having previously rejected a proposed plea under *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970) because of its potential long-term impact on his medical practice, would have insisted on going to trial had he known that the plea of nolo contendere would result in mandatory exclusion from federal programs such as Medicare and Medicaid. *Rollins v. State*, supra at 492 (2). Compare *State v. Sabillon*, 280 Ga. 1 (622 SE2d 846) (2005).

Accordingly, the habeas court did not err in finding that trial counsel made affirmative misrepresentations to Dr. Patel which induced him to enter the nolo plea. Having so found, the habeas court properly ordered that his sentence be stricken and that he be permitted to withdraw his plea. *Rollins v. State*, supra at 492 (3).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 30, 2006.

*Kermit N. McManus, District Attorney, Thurbert E. Baker, Attorney General*, for appellant.

*Jake Arbes*, for appellee.